THE STATE OF OHIO, EX REL. HALAK, *v.* CEBULA.

[Cite as State, ex rel. Halak, v. Cebula (1976), 50 Ohio App. 2d 334.]

(No. 35946—Decided May 7, 1976.)

*Cassady & Mottl Co., L. P. A.,* for relator.
*Mr. William J. Slivka,* for respondent.
*Mr. William J. Brown,* attorney general, for intervenor Ted W. Brown, Secretary of State.

JACKSON, C. J. This original action in *quo warranto* was filed in the Court of Appeals on January 28, 1976. By the relator's complaint it was alleged that the respondent had failed to comply with the provisions of former R. C. 3517.10 with respect to the filing of a statement of contributions and expenditures relating to the nomination or election of a candidate to public office; that as a consequence of this failure the respondent was disqualified under R. C. 3517.11 from becoming a candidate in any future election for a period of five years; that the period of respondent's disqualification commenced on December 21, 1973, and extended until December 21, 1978; and that consequently the respondent was ineligible for office when, on November 4, 1975, respondent was elected to the office of Councilman-at-Large of the City of North Royalton, Ohio. The relator further alleged that he had also been a candidate for the same office; that there had been a total of

five candidates for three offices; and that the relator had the fourth highest number of votes. Therefore, the relator contends that if the respondent is disqualified from office, that the relator is entitled to be declared the candidate elected to that office. In response to that complaint a motion to intervene filed by Ted W. Brown, Secretary of State, was granted, and respondent has filed a motion to dismiss the complaint in *quo warranto* upon the grounds, *inter alia*, that the relator lacks standing to bring such an action.

At early common law there was no civil action for *quo warranto*. Rather, it was a criminal or quasi-criminal proceeding which could be brought solely by the state. A private individual had no authority to commence such an action either in his own name or upon relation of the state. *See generally, Newman v. United States, ex rel. Frizzell* (1915), 238 U. S. 536. Though the writ has evolved to become a civil action, its invocation is still restricted to the state and a limited group of individuals. *See State, ex rel. Lindley, v. The Maccabees* (1924), 109 Ohio St. 454. The state interest must be maintained in all *quo warranto* actions. With exception of the state only those individuals who claim "to be entitled to a public office unlawfully held and exercised by another * * *" are entitled to initiate an action in *quo warranto*. R. C. 2733.06.

It is, of course, well established that in order for a relator to *recover* a public office he must show not only that the office is unlawfully held, but also *he is himself* entitled to the office. *State, ex rel. Herr, v. Butterfield* (1915), 92 Ohio St. 428. At the same time the statute governing standing to commence this action does not require that the relator ultimately be able to recover the office, but only that he claims to be entitled to it. The Supreme Court, in *State, ex rel. Ethell, v. Hendricks* (1956), 165 Ohio St. 217, recognized the different standards to be applied in determining standing and the ultimate resolution of a *quo warranto* action when it held that in a proper case the court may find that a given relator is *not* entitled to an office, but nevertheless hold that a respondent is unlawfully usurping an office, and order that office vacated. Because of this possi-

bility, the Supreme Court indicated that the test of the relator's right to bring the action was to be based upon whether he claimed "*in good faith to be entitled to a public office, held by another,* * * *" *State, ex rel. Ethell,* v. *Hendricks, supra,* at 225 (emphasis added).

In the case at bar there is no dispute as to the factual basis of the claim. Further, the law is well established and, judging from relator's brief in opposition to respondent's motion to dismiss, it is not disputed by the relator that even if it is determined that the respondent was ineligible for election, the office in question would not belong to the relator but rather would be declared vacant and a new councilman selected as provided for under the North Royalton City Charter. *See State, ex rel. Ethell,* v. *Hendricks, supra; State, ex rel. Smith,* v. *Nazor* (1939), 135 Ohio St. 364; *State, ex rel. Haff,* v. *Pask* (1933), 126 Ohio St. 633.

Under circumstances such as these—where there is no dispute as to the operative facts and where the controlling law requires a finding that the relator is not an individual entitled to an office even if it is declared to be vacant—we find that the relator has not presented a good faith claim of entitlement to the disputed office. Furthermore, the right of the respondent to hold the office can be challenged by other remedies at law. Consequently, the relator lacks standing to initiate this action and we therefore grant the respondent's motion to dismiss.

*Motion granted.*

CORRIGAN and KRENZLER, JJ., concur.