THE STATE, EX REL. EAST CLEVELAND DEMOCRATIC CLUB, INC. ET AL., *v.* BIBB ET AL.

(No. 48402 — Decided May 23, 1984.)

*Mr. Robert P. Ziccardi,* for relators.
*Mr. Kenneth J. Fisher,* for respondents.

MARKUS, P.J. Relators' complaint in quo warranto seeks to oust certain alleged officers of the East Cleveland Democratic Club, Inc. from holding those positions or exercising those functions. Both relators and individual respondents assert title to those offices based on two separate elections held in September 1983. We find that both elections were illegal so neither relators nor respondents are entitled to those offices because of the results of those elections. However, we grant relators' motion for summary judgment to the extent that at least two of the relators are entitled to their positions as holdover officers from the last legal election. In the interest of a speedy and just resolution to the corporation's internal conflict, we order that a new election be held.

The facts of this controversy are essentially undisputed. The East Cleveland Democratic Club, Inc. is a nonprofit corporation, incorporated under the laws of Ohio in 1981. Sections 3 and 4 of Article IV of the corporation's constitution provide:

"Section 3. Officers shall be elected by the Assembly for a term of one year, but no later than September 1st, following the biennial convention of the Central Committee of the Democratic Party for Cuyahoga County, and the election of a City-Wide Ward Leader.

"Section 4. Written notice of any election shall be given to all members in

good standing. Said notice shall designate the time, date and location of the election, and the names and issues to be presented at the election."

On September 12, 1983, the corporation's then president and secretary mailed notice to the corporation's membership announcing the annual meeting and elections to be held on September 19, 1983. Although the meeting was held on the date specified in the notice, the president postponed the election when a dispute arose over which members were eligible to vote.

On September 20, the president and secretary again mailed notice to the membership announcing September 26 as the date on which the membership would hold corporate elections. On September 21, 1983, respondent-ward leader sent notices to the membership, calling a September 30 meeting for the purpose of electing officers.

Both meetings were held as announced, with some members attending the September 26 meeting and others attending the September 30 meeting. Relators were elected at the September 26 meeting, and respondents were elected at the September 30 meeting.

Relators claim that they asked the Cuyahoga County Democratic Party to intervene and declare respondents' election illegal. When the Cuyahoga County Democratic Party and its chairman refused, relators joined them as respondents in this action, claiming that they aided and abetted the individual respondents in their illegal election.

Respondents Cuyahoga County Democratic Party and its chairman answered relators' complaint admitting that two separate elections were held in September 1983. Respondents denied all other allegations of relators' complaint, and filed motions to dismiss and for a judgment on the pleadings.

In their motions to dismiss, respondents argue that this court lacks subject matter jurisdiction over the controversy. We do not agree. This court has held that quo warranto is the proper remedy for determining the legal right of an officer of an incorporated nonprofit association to hold that office. *State, ex rel. Northeast Property Owners Civic Assn.*, v. *Kennedy* (1961), 117 Ohio App. 79 [23 O.O.2d 181]; *Ilerio* v. *Spanish American Committee* (Nov. 8, 1979), Cuyahoga App. No. 39606, unreported. The courts of appeals and the Supreme Court have original jurisdiction in quo warranto proceedings. Section 2, Article IV, Ohio Constitution; *State, ex rel. Corrigan,* v. *Wheeler* (1971), 27 Ohio St. 2d 9, 10 [56 O.O.2d 5]. The corporation's involvement in political activity does not change this court's responsibility to decide such issues. Accordingly, we deny respondents' motion to dismiss.

In the alternative, respondents seek a judgment on the pleadings, arguing that both elections were illegal because (a) both meetings were held after September 1 in contravention of Section 3 of the corporation's constitution, and (b) both relators and the individual respondents failed to give the membership timely notice of the meetings in accordance with the provisions of R.C. 1702.18. They also contend that we must deny the writ since relators have failed to show legal entitlement to the positions from which they seek to oust respondents.

A private individual can maintain an action in quo warranto upon the relation of the state if he claims in good faith to be entitled to a public office unlawfully held by another. *State, ex rel. Halak,* v. *Cebula* (1976), 50 Ohio App. 2d 334, 336 [4 O.O.3d 285]. However, in order to recover that office, a private individual must establish: (a) the respondent unlawfully holds the office, *and* (b) he is himself entitled to the office. *Id.*; *State, ex rel. Snyder,* v. *Dick* (App. 1969), 61

O.O. 2d 36; *State, ex rel. Cain,* v. *Kay* (1974), 38 Ohio St. 2d 15 [67 O.O.2d 33].

To this end, relators have filed a motion for summary judgment to which they have attached various documents and affidavits. In that motion, they argue that failure to hold the annual meeting on or by the date specified in the corporation's constitution does not operate to void an otherwise properly held meeting after that date. We agree.

R.C. 1702.16 provides:

"An annual meeting of voting members * * * shall be held on a date designated by or in the manner provided in the articles or the regulations. * * * When the annual meeting is not held or * * * [officers] are not elected thereat, they may be elected at a special meeting called for that purpose."

If the annual meeting is not held when required, those with authority to do so must call a meeting within a reasonable time thereafter. The failure to hold a meeting on the date specified in the corporation's regulations gives the members the right to compel an annual meeting, but does not invalidate an otherwise properly held meeting after that date. Cf. *State, ex rel. Ferencz,* v. *Unida Gold Mining Co.* (1910), 32 Ohio C.C. 60; 19 Corpus Juris Secundum 2d (1940) 37, Section 718(2).

Relators challenge the validity of the respondents' election, claiming that respondent-ward leader had no statutory or corporate authority to call a meeting for the purpose of electing officers. The corporation's constitution and bylaws fail to identify the persons who may call a meeting of the corporation's membership. In the absence of any provision in the corporation's own regulations, statutory law governs.

R.C. 1702.17 provides:

"(A) Meetings of voting members may be called by any of the following:

"(1) The chairman of the board, the president, or, in case of the president's absence, death, or disability, the vice-president authorized to exercise the authority of the president;

"(2) The trustees by action at a meeting, or a majority of the trustees acting without a meeting;

"(3) The lesser of (a) ten percent of the voting members or (b) twenty-five of such members, unless the articles or the regulations specify for such purpose a smaller or larger proportion or number, but not in excess of fifty per cent of such members;

"(4) Such other officers or persons as the articles or the regulations authorize to call such meetings.

"(B) Meetings of voting members may be held either within or without this state if so provided in the articles or the regulations. In the absence of any such provision, all meetings shall be held at the principal office of the corporation in this state."

Respondent-ward leader had no authority to call a membership meeting under any subdivision of this statute. Consequently, any action taken at this illegally convened meeting was null and void. Therefore, we conclude that relators have demonstrated that respondents unlawfully hold their positions as alleged officers of the East Cleveland Democratic Club, Inc.

Nevertheless, relators must additionally prove that they are the lawfully elected officers of that nonprofit corporation, in order to prevail in this action. Both relators and respondents agree that the validity of relators' election is contingent upon a finding that the membership received timely notice of the meeting at which relators were elected.

R.C. 1702.18 provides:

*"Unless the articles or the regulations provide for notice of meetings otherwise than as provided in this section, written notice stating the time and place of a meeting of the voting members, and, in case of a special meeting, the purpose or purposes for which the meeting is*

*called, shall be given either by personal delivery or by mail not less than ten nor more than sixty days before the date of the meeting*: (A) to each member entitled to notice of the meeting; (B) by or at the direction of the president or the secretary or any other person required or permitted by the regulations to give notice or the officers or persons calling the meeting. If mailed, such notice shall be addressed to the member at his address as it appears on the records of the corporation. Notice of adjournment of a meeting need not be given if the time and place to which it is adjourned are fixed and announced at such meeting." (Emphasis added.)

Relators concede that the corporation's constitution and bylaws make no provision regarding the time for the notice to which members are entitled. However, they argue that the notice requirements of R.C. 1702.18 do not apply here because the corporation has enacted a bylaw by an unwritten custom.

In support of this argument, relators have submitted affidavits of two former corporate officers. Both officers state that it was the corporation's policy to attempt to give members five days' notice of any meeting. One officer stated that some meetings were called on telephone notice only.

We are aware that some jurisdictions recognize bylaws by custom or long-standing practice. However, where the courts have recognized unwritten bylaws, they have done so because a practice has been invariably pursued over a long period of time, or because protection of an innocent third party has required them to do so. See *Mut. Fire Ins. Co.* v. *Farquhar* (1898), 86 Md. 668, 39 A. 527; *Bank of Holly Springs* v. *Pinson* (1880), 58 Miss. 421, 38 Amer. Rep. 330. We find that neither circumstance is present in this case.

The East Cleveland Democratic Club was incorporated in 1981. At the time of the 1983 elections, the club had been incorporated for only two years. We conclude that no practice could be sufficiently long-standing to constitute a bylaw by custom in that short time. Neither are we compelled to find a bylaw by custom where no innocent third party has suffered any prejudice.

In addition, Article VI of the corporation's constitution provides:

"Section 1. By-laws shall be proposed by a motion from the floor of any meeting of the Assembly.

"Section 2. By-laws shall be adopted by a majority vote of the quorum of the Assembly."

Absent contrary provisions in the corporation's constitution, articles, or bylaws, we must conclude that the notice provisions of R.C. 1702.18 govern this corporation's annual meeting and elections. By their affidavits, relators assert that some respondents waived any objection to the notice provided, by attending the September 19 meeting. However, they fail to show that respondents attended the September 26 meeting when relators were purportedly elected, or that all the other eligible members waived their right to sufficient notice.

We find that relators' election was illegal since the membership did not receive the requisite ten-day notice. Consequently, relators have failed to prove that they were then lawfully elected officers of the East Cleveland Democratic Club, Inc. Ordinarily, relators' failure in this regard would require this court to deny the writ. However, unrebutted documents and pleadings in this action apparently demonstrate that at least two of the relators (Mitchell Earley, President, and Evelyn Pollard, Corresponding Secretary) were legally elected officers of the corporation prior to the illegal 1983 annual meeting.

When a corporate election is subsequently declared invalid, the previous,

duly elected officers remain as holdover officers until the next valid election. Cf. *State, ex rel. Atty. Gen.,* v. *Bonnell* (1878), 35 Ohio St. 10; *State, ex rel. French,* v. *Clough* (1912), 43 Ohio C.C. 167; *Mahlen Land Corp.* v. *Kurtz* (1959), 355 Mich. 340, 94 N.W. 2d 888. Thus, to the extent that any of the relators in this action are holdover officers, we must grant them summary judgment against respondents, for they are entitled to hold office until the next legal election.

In their brief, respondents have requested that the Cuyahoga County Democratic Party be permitted to conduct a new election. We agree that a new election is required under the circumstances. However, we are reticent to allow any party to this action to supervise that election in view of the possible animosity engendered by this action or the antecedent circumstances.

R.C. 2733.16 provides:

"In a case under section 2733.15 of the Revised Code the court may order a new election to be held at a time and place and by judges it appoints. Notice of the election and naming such judges shall be given as provided by law for notice of elections of directors of the corporation. The order of the court is obligatory upon the corporation and its officers when a duly certified copy is served upon its secretary personally, or left at its principal office. The court may enforce its order by attachment, or as the court deems necessary."

R.C. 2733.15 provides:

"When an action in quo warranto is against a director of a corporation, and the court finds that, at his election, illegal votes were received or legal votes rejected sufficient to change the result, judgment may be rendered that the defendant be ousted, and of induction in favor of the person who was entitled to be declared elected."

Therefore, we order that the corporation's 1984 annual meeting and a new election be held on Monday, June 25, 1984, at 7:30 p.m., at the East Cleveland Y.M.C.A., 1831 Lee Boulevard, East Cleveland, Ohio. Calvin W. Sharpe and Antoinette Butler shall act as judges for that election. As acting president, Mitchell Earley shall send notice of this meeting (with its time, place, and purpose) to all known members. Relators and respondents may also send notice to any persons whom they believe to be lawful members. All such notices shall be mailed no later than June 1, 1984. The reasonable fees and expenses of the judges appointed here shall be paid by the corporation.

Accordingly, we grant relators' summary judgment motion to the extent that any of the relators are holdover officers and we order a new election.

Writ granted in part, denied in part, and election ordered.

*Writ granted in part, denied in part, and election ordered.*

CORRIGAN, J., concurs.

DAY, C.J., not participating.