UNIREA SOCIETATILOR ROMANE CARPATINA
OF CLEVELAND et al., Appellants,

v.

SUBA et al., Appellees.

[Cite as *Unirea Societatilor Romane Carpatina of Cleveland
v. Suba* (1998), 130 Ohio App.3d 538.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73972.

Decided Nov. 23, 1998.

*Vorys, Sater, Seymour & Pease, Bruce P. Batista* and *David J. Tocco,* for appellants.

*Martindale, Brzytwa & Quick, E. John Brzytwa* and *Kevin Young,* for appellees.

---

NAHRA, Judge.

The Union & League of Romanian Societies of America, Inc., is a fraternal benefit organization of which the Carpatina Society is a member, which provides injury, accident and death benefits to its members and their beneficiaries. In late 1993 or early 1994, appellees Alexander Suba and Barsan were elected president and financial secretary of the Carpatina Society, respectively. Suba was also elected a delegate to the 1994 convention of the Union & League.

In March 1995, the executive committee of the Union & League, having confirmed that appellees had spent funds contrary to the bylaws of the Carpatina Society and the Union & League, suspended appellees from office. In October 1995, the suspensions were further affirmed, and the Carpatina Society was informed that appellees would be ineligible for re-election to office.

In February 1996, an election was held and appellants Moga and Tribitas were elected officers of the Carpatina Society and replaced appellees. After confirmation of these elections by the Union & League and the executive committee, the appellants sought the return of their books and records from appellees; however, this request was refused.

This case was brought by the appellants, the Carpatina Society, the officers of the Carpatina Society, and the Union & League, in order to recover the books and records withheld by appellees, and to recover the damages resulting from appellees' misuse of Carpatina's funds. Specifically, appellants' complaint set forth four separate claims for relief: (1) conversion, (2) replevin, (3) accounting, and (4) breach of fiduciary duty. Appellants sought (1) injunctive relief to protect the books and records of the society and to require appellees to return the books and records, (2) an order of possession with respect to the minutes and financial ledgers of Carpatina, and (3) an accounting and an award of damages in the amount of the funds misappropriated by appellees.

Appellees' counterclaim specifically sought a declaration that appellees, Suba and Barsan, were the proper officers of Carpatina, and that the subsequent election of Moga and Trimbitas was null and void.

On May 14, 1997, appellees filed a motion to dismiss on the grounds that appellants' claim was in *quo warranto* and, therefore, the trial court did not have subject-matter jurisdiction pursuant to R.C. Chapter 2733. Similarly, appellants moved to dismiss appellees' counterclaim on *quo warranto* grounds. On February 6, 1998, the trial court, without opinion, dismissed the complaint and counterclaim for lack of subject-matter jurisdiction.

1

Appellants timely filed an appeal and assign one error for our review:

"The trial court erred by 1) determining that it lacked subject matter jurisdiction to decide the multiple claims asserted in appellants' complaint, and 2) dismissing same."

*Quo warranto* is the only proceeding that may be used to challenge another's title to public office. *Beasley v. E. Cleveland* (1984), 20 Ohio App.3d 370, 20 OBR 475, 486 N.E.2d 859. *Quo warranto* is also "the proper remedy for determining the legal right of an officer of an incorporated nonprofit association" to hold an office. *State ex rel. E. Cleveland Democratic Club, Inc. v. Bibb* (1984), 14 Ohio App.3d 85, 14 OBR 99, 470 N.E.2d 257. However, original jurisdiction in *quo warranto* lies with the courts of appeals and the Ohio Supreme Court. *Id.* See, also, Section 2, Article IV, Ohio Constitution. It follows that common pleas courts do not have the authority to "order declaratory or injunctive relief which effectively provides *quo warranto* relief and thereby circumvent this specialized remedy." *Beasley, supra.* However, any ancillary claims to a *quo warranto* action, such as damages or the rights and obligations of the parties, should remain properly under the jurisdiction of the courts of common pleas and be appropriately disposed of by those courts. *Id.;* see, also, *Ohio Hosp. Assn. v. Community Mut. Ins. Co.* (1987), 31 Ohio St.3d 215, 31 OBR 411, 509 N.E.2d 1263.

Both the appellees and the appellants were granted a motion to dismiss on *quo warranto* grounds. Specifically, the appellees were seeking to be reinstated to their elected positions in the Carpatina Society, while the appellants were seeking the return of their documents, an accounting, and an award of damages in the amount of funds misappropriated by the appellees.

In light of the foregoing, it is clear that the appellees' claim to be reinstated to an elected office of a nonprofit corporation is an action in *quo warranto* and should have been filed with this court or the Ohio Supreme Court. However, the claims of appellants are ancillary to the core of that *quo warranto* action and should have remained under the jurisdiction of the court of common pleas.

Accordingly, this assignment of error is well taken.

The judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

*Judgment affirmed in part*
*and reversed in part,*
*and cause remanded.*

BLACKMON, A.J., and O'DONNELL, J., concur.