JOURNAL ENTRY AND OPINION
This is an appeal from a preliminary injunction granted to plaintiff Calvary Congregational Church, through its executive board, and against the church's former pastor, defendant Timothy Eppinger, and several congregation members. The board sought the injunction after congregation members defied the board's decision to terminate defendant's employment. Those members returned a vote of no-confidence against the existing board, installed themselves as executive board members and renewed defendant's contract through 2001. The court held the board had the authority to bring an action for injunctive relief against defendant and further held the board had the right to terminate defendant. However, the court found the board did not comply with its employment contract by giving defendant his contract right to six months' notice of its intent not to renew his employment contract. The court therefore ordered the church to pay defendant six months' salary. Defendant and the congregation members brought this appeal claiming the court erred, among other reasons, by refusing to dismiss the matter and finding the board had authority to terminate defendant's employment.
The assignments of error raise issues relating to the court's refusal to dismiss the action on grounds the board lacked standing to bring any complaint on behalf of the church. Defendants argue they ousted the board members in a no-confidence vote before the board sought the injunction; therefore, the board could not purport to speak for the church. The board claimed the congregation members acted outside the church constitution when calling the meeting at which those in attendance voiced no confidence in the board.
As our discussion will show, we view adherence to the church by-laws as dominant in this case — if the congregation members did not follow the by-laws, they could not purport to oust the board. Hence, quo warranto would have no application.
The church is a congregational church, as opposed to a hierarchal church. This means the church is self-governing and does not answer to any higher organizational authority. SeeSerbian Orthodox Church v. Kelemen (1970), 21 Ohio St.2d 154, 156, fn. 1. It is governed by whatever constitution, rules, and processes it has put in place for itself. However, a congregational church is not granted the "unbridled right to disregard and to violate the provisions of [its] own written by-laws or constitutions."Randolph v. First Baptist Church of Lockland (1954), 68 Ohio Law Abs. 100, 105. A civil court retains jurisdiction "to determine whether the decision concerning `who shall preach from the pulpit' was made by the proper church authority." Tibbs v.Kendrick (1994), 93 Ohio App.3d 35, 42 (internal citations omitted); Winston v. Second Baptist Missionary Church of Lorain
(Sept. 10, 1997), Lorain App. No. 96CA006588, unreported.
The members' argument that the board lacks standing after its purported ouster is necessarily subsumed within a discussion of whether the members properly followed church by-laws when giving a no-confidence vote to the standing board. The court held the members did not convene the meeting in conformity with the church constitution so any actions taken at that meeting were in contravention of the church constitution.
The controversy started when the board began to question defendant's handling of church contributions. The board asked defendant to resign, but he refused. The board terminated defendant and canceled church services scheduled for the following Sunday. The board sent the congregation letters detailing its reasons for terminating defendant's employment. Some members of the congregation received these letters and hired an attorney, specifically asking for advice on whether they could still have a church service that following Sunday.
Defendant defied the board and conducted church services on the following Sunday. After the service, some congregation members stayed behind and decided to hold a board meeting asking the board to explain its action. When the church meeting convened, only some of the board members attended the church meeting, and they did so under protest. The church members issued a vote of no-confidence in the board, voted to disband the board as constituted, elected a new board and reinstated defendant. At the next church service, defendant purported to install the members of the new board.
The church constitution vests the church ruling authority with the executive board — the constitution states the board's purpose to "oversee the operation and implement policies * * *." Among the board's duties is to meet monthly, review church activities and call meetings as required. The board members serve six-year terms, with executive officers serving two-year terms. The constitution makes no provision for the removal of board members.
The church is a non-profit organization chartered under the laws of the state of Ohio. The provisions of R.C. 1702.17 govern who may call a meeting of the members of the corporation if there are no contrary provisions in the corporation's regulations. Stateex rel. East Cleveland Democratic Club, Inc. v. Bibb (1984)14 Ohio App.3d 85, 88. When, as here, the constitution is silent on the matter of providing notice of meetings, R.C.1702.18 states that:
 Unless the articles or the regulations provide for notice of meetings otherwise than as provided in this section, written notice stating the time and place of a meeting of the voting members, and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall be given either by personal delivery or by mail not less than ten nor more than sixty days before the date of the meeting: (A) to each member entitled to notice of the meeting; (B) by or at the direction of the president or the secretary or any other person required or permitted by the regulations to give notice or the officers or persons calling the meeting. If mailed, such notice shall be addressed to the member at his address as it appears on the records of the corporation. Notice of adjournment of a meeting need not be given if the time and place to which it is adjourned are fixed and announced at such meeting.
As applicable here, the members calling the special meeting were obligated to state the purpose of the meeting and at least ten days' notice of the special meeting. The notice sent to the board stated the members wished the board to "explain their actions." This did not constitute any notice that the members would take any action to remove the board members. Moreover, the facts show the members did not provide ten days' notice of the special meeting. Based on these failures to follow statutory law, the court did not err by finding any action taken by the members void. State ex rel.East Cleveland Democratic Club, Inc. v. Bibb, supra.
Because the attempt to remove the board and reinstate defendant could not stand, it follows that the board still is the proper party to bring this action. That being the case, we come to defendant's argument that the court erred by denying defendants' motion to add the "church" as a party defendant. Subsumed within this argument is defendant's assertion that this matter should have been dismissed on grounds that proper relief could only be had under the issuance of a writ of quo warranto.
In State ex rel. Huron County Prosecutor v. Westerhold (1995),72 Ohio St.3d 392, the supreme court stated:
 The writ of quo warranto R.C. 2733.01(A)(1) provides that a quo warranto action may be brought in the name of the state "[a]gainst a person who usurps, intrudes into, or unlawfully holds or exercises a public office * * * within this state * * *." R.C. 2733.04 and 2733.05 authorize prosecuting attorneys to initiate quo warranto actions. "The writ * * * is a high prerogative writ and is granted, as an extraordinary remedy, where the legal right to hold an office is successfully challenged." Under R.C. 2733.14, when a respondent "in an action in quo warranto is found guilty of usurping, intruding into, or unlawfully holding or exercising an office, * * * judgment shall be rendered that he be ousted and excluded therefrom, and that the relator recover his costs." (internal citations omitted).
We have held that quo warranto "is the proper remedy for determining the legal right of an officer of an incorporated nonprofit association to hold that office." See State ex rel. EastCleveland Democratic Club, Inc. v. Bibb (1984), 14 Ohio App.3d 85,87.
Although the church is an incorporated nonprofit association, quo warranto does not apply because the claim for relief in this case was the board's request for an injunction against defendant; not whether defendant and certain congregation members had the right to remove the board.
This is an important distinction, and highlights an unfortunate flaw with defendant's case which brings us back to defendant's argument that the "church" should be the real defendant here. Throughout this proceeding, defendant and the congregation members have maintained that they are the true plaintiffs in this case, for they claim the board is acting without authority having been unseated. The flaw with the premise is underscored by the board's claim for relief — defendants allegedly acted outside the church's by-laws by failing to give proper notice of the meeting at which the congregation members purported to oust the board.
The church constitution provides that the board oversees the operation of the church and implements the church's policies. In short, the board represents the "church." Having found the court did not err by affirming the authority of the board to act in this instance, it would be incongruous to hold that the "church" could be named a party defendant against itself — its duly elected board.
Lastly, defendant complains the court should have disqualified the board's counsel on conflict of interest grounds. Defendant states the board's counsel previously represented the congregation in another matter and, following the logic flowing from his argument that the congregation members are the true party in interest, claims that counsel's representation of the board created a conflict of interest based on the prior representation of the church. Since we affirm the court's ruling that the board is, in fact, the proper party in interest, defendant's arguments about a conflict of interest must fail. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and JAMES M. PORTER, J., CONCUR.
 _______________________________ PRESIDING JUDGE JOHN T. PATTON