OPINION
The instant action in quo warranto is presently before this court for consideration of the motion to dismiss of respondents, John Soltez, Robert Sudon, Brother Anthony Canterucci, and Zerco Systems International, Inc. As the sole grounds for their motion, respondents maintain that the petition of relators, Arnold Morris, James Oakey, and Thomas Congoran, does not state a viable claim for relief because their own allegations support the conclusion that they lack the legal capacity to maintain this action. For the following reasons, this court concludes that the motion to dismiss has merit.
The subject matter of this action concerns the propriety of certain elections for the positions of directors and corporate officers with Zerco Systems International.[1] In their quo warranto petition, relators essentially claim that, even though John Soltez, Robert Sudon, and Brother Canterucci presently hold the positions in question and are operating the company, they should be ousted because only relators have been duly elected to the positions. The foregoing claim is predicated on the following factual allegations.
Zerco Systems International is an Ohio corporation which has its principal place of business in Trumbull County, Ohio. In November 2000, an annual meeting of the company's shareholders was held for the purpose of electing a board of directors. At that time, two of the three relators, Arnold Morris and Thomas Congoran, were elected to one-year terms as directors of the company. In addition, two of the respondents, John Soltez and Brother Canterucci, were elected to three-year terms as directors.
During the ensuing months after the November 2000 meeting, John Soltez acted as the Chairman of the Board of Directors and a corporate officer for the company. At a special meeting conducted in August 2001, Soltez was removed from both positions and Arnold Morris was elected as the company's new Chairman and President. At that same time, James Oakey was elected as a director.
On November 29, 2001, the one-year board terms of Arnold Morris and Thomas Congoran concluded. The following day, the remaining two members of the company's board, John Soltez and Brother Canterucci, passed a resolution without benefit of a board meeting. As part of this resolution, Robert Sudon was elected to a one-year term on the board and was appointed the company's secretary. Similarly, John Soltez was appointed the company's president and Brother Canterucci was appointed treasurer. In addition, the resolution purported to give Soltez the authority to take any needed steps to stop Morris, Congoran, and James Oakey from transacting any business in behalf of Zerco Systems International.
Four days after the issuance of the foregoing resolution, Morris, Congoran, and Oakey filed an action for declaratory and injunctive relief in the Trumbull County Court of Common Pleas. After initially issuing a temporary restraining order against Soltez, Sudon, and Canterucci, the common pleas court dismissed this particular action on the basis that it did not have the jurisdiction to hear the matter. Thus, relators, Morris, Congoran, and Oakey, brought the instant action in quo warranto before this court.
In support of their claim for relief, relators first argue in their petition that they should still be recognized as directors and corporate officers for the company because no successors to their positions on the Board of Directors have been elected. Second, they contend that Soltez, Sudon, and Canterucci should be ousted as corporate officers because the November 2001 resolution was passed before proper notice could be given to all company directors.
In now moving to dismiss the petition, respondents, Soltez, Sudon, Canterucci, and Zerco Systems International, have not challenged the legal sufficiency of relators' factual allegations. Instead, they maintain that this case cannot go forward before this court because, pursuant to the relevant statutory provisions governing an action in quo warranto, relators lack the legal capacity to bring this action in their own individual names. Citing Lorince v. Romerock Assoc., Inc., 11th Dist. No. 2001-A-0047, 2001-Ohio-8775, respondents argue that since the positions of director and corporate officer with the company do not constitute public offices, an action to contest the rights of Soltez, Canterucci, and Sudon to hold these positions can be brought only by the Ohio Attorney General or the Trumbull County Prosecutor.
In Lorince, three individual members of an incorporated association brought a quo warranto action to contest the results of an election for the position of director with the association. In responding to the quo warranto petition, the elected directors moved to dismiss on the basis that a private citizen could maintain a quo warranto action in his own behalf only when he is seeking to challenge a respondent's right to hold a public office. In granting the motion to dismiss, this court first held that the elected directors' interpretation of the relevant statutory provisions and case law was correct; i.e., unless the contested position was a "public" office, only the state attorney general and a county prosecutor can maintain a quo warranto action. We then concluded that because the position of director with a private corporation could not be considered a public office, the three members of the association lacked the capacity to maintain the case on their own.
As part of our discussion in Lorince concerning when a private citizen can pursue this type of action individually, this court stated:
 "The Supreme Court of Ohio has indicated that, under the common law, the writ of quo warranto was intended to be employed as a means of protecting the general public against the usurpation of the state's sovereign power and against abuse of corporate power. As a result, only the state and its officers had the right to bring this type of action. State ex rel. Cain v. Kay (1974), 38 Ohio St.2d 15, 17. The only exception to this was when a person claimed title to a public office. Id.
 "This same distinction is made in R.C. Chapter 2733, which governs the procedure for a quo warranto action. R.C. 2733.01(A) states that such an action can be filed in the name of the state against a person who illegally holds either a public office or a corporate office. R.C. 2933.04 then provides that the state attorney general or a prosecuting attorney must
institute a quo warranto action when mandated to do so by the Governor, Supreme Court, Secretary of State, or General Assembly. In addition, R.C. 2944.05 provides that the state attorney general or a prosecuting attorney can bring a quo warranto action either upon his own relation or, after being granted leave of court, upon the relation of a second person.
 "The only other provision in R.C. Chapter 2733 governing the institution of such an action is R.C. 2733.06, which states that a private citizen can bring the action by himself, or with the assistance of an attorney, when he claims entitlement to a public office which is unlawfully held by another. In applying R.C. 2733.06, the Supreme Court has indicated that this statute sets forth the only exception to the general rule under R.C. 2733.04 and 2733.05 that a quo warranto action must be maintained by the state attorney general or a prosecuting attorney. State ex rel. Coyne v. Todia (1989), 45 Ohio St.3d 232, 237. See, also, Reisig v. Camarato (1996), 111 Ohio App.3d 479, 482. Hence, the circumstances under which a private person can seek a writ of quo warranto himself are very limited." Lorince, at 4-5.
As respondents correctly note in their motion to dismiss the instant petition, the Lorince holding is clearly applicable to relators' quo warranto claim. Given that Zerco Systems International is a private corporation under Ohio law, it readily follows that the positions of director and corporate officer with the company are not "public" offices for purposes of R.C. Chapter 2733. Therefore, relators' own factual allegations support the conclusion that this is not a situation in which a private citizen can bring a quo warranto action on his own.
In responding to the motion to dismiss, relators have not expressly contested any particular aspect of the Lorince analysis. Instead, relators simply ask this court to follow the decision of the Eighth Appellate District in State ex rel. East Cleveland Democratic Club, Inc.v. Bibb (1984), 14 Ohio App.3d 85. Bibb involved a quo warranto proceeding in which the relators sought the ouster of certain officers of a nonprofit corporation on the basis that they had been elected at an unauthorized meeting. At the beginning of its opinion, the Bibb court addressed the issue of whether it had subject matter jurisdiction over the controversy. In holding that it did, the Bibb court generally noted that an action in quo warranto was the proper proceeding for deciding whether a corporate officer was entitled to hold the position. In a subsequent portion of its opinion, the court also noted that a private individual can initiate a quo warranto action if he is claiming that he has a right to hold a "public" office.
By referring to the "public office" statement in Bibb, relators appear to argue that since the Bibb court ultimately addressed the merits of the quo warranto claim, the court must have concluded that a corporate office in a nonprpofit corporation must be a public office for purposes of R.C. Chapter 2733. However, a review of the entire Bibb opinion shows that the court never analyzed the issues of what constitutes a public office and what effect the resolution of the first issue could have on the ability of a private citizen to maintain this type of case. Moreover, there is no indication in the opinion that the Bibb respondents ever raised these specific issues. Thus, the wording of Bibb supports the inference that the Eighth Appellate District never considered whether the nature of the office in question could deprive the Bibb relators of the ability to bring a quo warranto claim.
More importantly, even if the Bibb court did intend to hold that a private citizen can bring in his own name a quo warranto action regarding an office in a corporation, that holding would conflict with well settled precedent on this point. Our Lorince holding was predicated upon Supreme Court case law which has existed since the 1970's and earlier. See Stateex rel. Coyne v. Todia (1989), 45 Ohio St.3d 232. Furthermore, the basic statutory scheme in R.C. Chapter 2733 has not been altered. Therefore, this court declines relators' invitation to follow the Bibb case.
As separate argument, relators further assert that the Lorince
precedent should not be followed because they will be without any additional legal recourse if this action is dismissed. Besides noting that their prior case before the common pleas court was dismissed, relators' counsel avers in an accompanying affidavit that the Ohio Attorney General and the Trumbull County Prosecutor has stated to him that they do not intend to pursue any separate quo warranto action in behalf of relators. As to the Trumbull County Prosecutor, counsel avers that an assistant prosecutor indicated that his office never files quo warranto actions concerning private corporations.
In regard to the assistant prosecutor's alleged statement, we would note that this statement implies that the prosecutor's office does not consider the specific facts of a given case in deciding whether to pursue a quo warranto action involving a corporation. If this inference is correct, the prosecutor's office is not exercising its discretion under R.C. 2733.05. Under these circumstances, a writ of mandamus might lie to compel the Trumbull County Prosecutor to fully consider the situation and decide if the specific facts of this case warrant a quo warranto action. See State ex rel. Brophy v. Crawford (1934), 127 Ohio St. 580. We believe that R.C. Chapter 2733 does impose a duty on a county prosecutor to review allegations concerning misconduct in the election of officers for an Ohio corporation.
However, once a county prosecutor has considered a situation and has chosen not to seek a writ of quo warranto, that decision is not reviewable in a mandamus case. Brophy. Moreover, not only does R.C. Chapter 2733 lack a provision allowing for any review of the county prosecutor's decision, but there is no statutory provisions allowing a private citizen to pursue a quo warranto action in regard to a corporate office once the county prosecutor has chosen not to do so.
Although the present state of the law has the effect of denying a private citizen the ability to pursue a quo warranto action as to a corporate office, this court is bound to follow the law as set forth in the Ohio Revised Code and the relevant case law. As to this point, we would again emphasize that a writ of quo warranto has historically been viewed primarily as a remedy for the state to use to protect its sovereignty. See State ex rel. Cain v. Kay (1974), 38 Ohio St.2d 15, 17. Until the Ohio General Assembly or the Supreme Court decides to extend the scope of the remedy, a private citizen will not have to the right to invoke this remedy as to a corporate office.
Finally, relators maintain that, under the circumstances of this action, this court should appoint their counsel under R.C. 2733.07 to pursue the instant matter in lieu of the Trumbull County Prosecutor. Our review of this statute shows that it does provide for the appointment of any attorney to act as a substitute for a county prosecutor in quo warranto actions; however, the Supreme Court has expressly held that R.C. 2733.07 can be invoked only when the county prosecutor is absent, disabled, or has a conflict of interest. See State ex rel. Thomas v.Kane (1989), 43 Ohio St.3d 164, 165. Clearly, the refusal of an assistant prosecutor to pursue an action concerning a corporate office is not sufficient to satisfy one of the three alternative requirements of R.C.2733.07. Thus, relators' counsel cannot act in lieu of the Trumbull County Prosecutor in this matter.
In Lorince, this court held that if the allegations in a quo warranto petition indicate that the relators lack the legal capacity to bring the action, the matter can be dismissed for failure to state a viable claim for relief. In the instant case, the allegations in the quo warranto petition readily show that: (1) the positions of director and corporate officer for Zerco Systems International are not public offices because that company is a private corporation; and (2) relators are private citizens. Hence, since only the Ohio Attorney General and the Trumbull County Prosecutor have the ability under R.C. Chapter 2733 to contest the right of a person to hold these types of positions, dismissal of relators' quo warranto petition is warranted under Civ.R. 12(B)(6).
Pursuant to the foregoing analysis, respondents' motion to dismiss is granted. It is the order of this court that relators' quo warranto petition is hereby dismissed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, JUDITH A. CHRISTLEY, J.J., CONCUR.
[1] For the sake of clarity, the proper names of each respondent shall be used when it is necessary in the statement of facts to distinguish between them individually. Similarly, the proper name of each relator will be used when it is necessary to distinguish between the three of them.