[Cite as *State ex rel. Baker v. Fox*, 2022-Ohio-667.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |
|---|---|
| STATE OF OHIO, EX REL. ROBERT B. BAKER | JUDGES: Hon. Earle E. Wise, Jr., P. J. Hon. W. Scott Gwin, J. Hon. John W. Wise, J. |
| Petitioner | |
| -vs- | Case No. 2022 AP 01 0002 |
| MATTHEW A. FOX | O P I N I O N |
| Respondent | |


CHARACTER OF PROCEEDING:          Writ of Quo Warranto


JUDGMENT:                                          Dismissed


DATE OF JUDGMENT ENTRY:          March 7, 2022


APPEARANCES:

For Petitioner                                      For Respondent

ROBERT B. BAKER                          MATTHEW A. FOX
PRO SE                                            PRO SE
951 Eastport Avenue                        1004 Eastport Avenue
Uhrichsville, Ohio  44683                  Uhrichsville, Ohio  44683

*Wise, John, J.*

{¶1} On January 5, 2022, Robert Baker filed a Complaint for Writ of Quo Warranto against Matthew A. Fox. Baker challenges Fox's appointment to the Uhrichsville Ward 1 council member seat.

## I. Background

{¶2} In his Complaint for Writ of Quo Warranto Baker asks this Court to require Fox "to show by warrant he lawfully holds the office of Uhrichsville Ward 1 Council member, and that * * * Fox be ousted therefrom * * *" Baker claims entitlement to this relief based on the following facts. Fox was previously appointed to the position of Uhrichsville Council-at-Large member for a term that expired on December 31, 2021. Complaint, ¶ 5. At a council meeting held on December 9, 2021, Fox, while holding the council-at-large seat, was appointed by Uhrichsville Council to fill the open position of Uhrichsville Ward 1 council member. *Id.*, ¶ 6.

{¶3} After Fox's appointment, Baker alleges Fox "simultaneously held the positions of Uhrichsville Council at Large member and Uhrichsville Ward 1 Council member, in violation of Ohio law." *Id.*, ¶ 7. On December 10, 2021, Fox resigned the position of Uhrichsville Council-at-Large member to the Tuscarawas County Board of Elections effective December 9, 2021, at 9:00 p.m. *Id.*, ¶ 8. Baker claims Fox now unlawfully holds the office of Uhrichsville Ward 1 council member "due to already holding an incompatible public office at the time of the appointment of * * * Fox to the position of Uhrichsville Ward 1 Council member." *Id.*, ¶ 10.

{¶4} Baker filed an Answer on January 20, 2022.

## II. Analysis

**{¶5}** Baker seeks relief in quo warranto. "In order for a writ of quo warranto to issue, relator must establish (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office. (Citations omitted.) *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 583, 651 N.E.2d 995 (1995). R.C. 2733.08 provides, in part: "When an action in quo warranto is brought against a person for usurping an office, the petition shall set forth the name of the person claiming to be entitled to the office, *with an averment of his right thereto.*" (Emphasis added.)

**{¶6}** Standing to initiate a quo warranto action is established in R.C. 2733.05 and R.C. 2733.06. Standing "is given exclusively to the attorney general and county prosecutors with a single exception: persons who claim entitlement to a *public office.*" (Emphasis sic.) (Citation omitted.) *Kirby v. Oatts*, 2nd Dist. Montgomery No. 28455, 2020-Ohio-301, 151 N.E.3d 1083, ¶ 37. Thus, "[a] private individual can maintain an action in quo warranto upon the relation of the state if he claims, in good faith, to be entitled to a public office unlawfully held by another. In order, however, to recover that office a private individual must establish that the office is unlawfully held and that he is himself entitled to the office." *State ex rel. Halak v. Cebula*, 50 Ohio App.2d 334, 363 N.E.2d 744 (8th Dist.1976), paragraph two of the syllabus.

**{¶7}** We sua sponte dismiss Baker's quo warranto complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted because he lacks standing. "Dismissal of a complaint based on * * * lack of standing to bring the action is commonly construed as a dismissal for 'failure to state a claim upon which relief can be granted.' " (Citations omitted.) *In re Lubrizol Shareholders Litigation*, 11th Dist. Lake No.

2016-L-026, 2017-Ohio-622, 79 N.E.3d 579, ¶ 15. "*Sua sponte* dismissal of a complaint for failure to state a claim is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231, 718 N.E.2d 1285 (1999), citing *State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 553, 700 N.E.2d 1281 (1998).

{¶8}    Although Baker alleges Fox unlawfully holds the Ward 1 council member seat, Baker does not claim title to any specific office on the Uhrichsville council. Baker only alleges in paragraph 3 of the complaint that he "is eligible to hold office as a member of the Uhrichsville Council." Being eligible to hold office and claiming entitlement to a specific office are two different things. Many residents of Uhrichsville would be eligible to hold office as a member of council.

{¶9}    In his prayer for relief, "Baker prays that Respondent Matthew A. Fox be required to show by warrant he lawfully holds the office of Uhrichsville Ward 1 Council member, and that Respondent Matthew A. Fox be ousted therefrom, and for such further relief as may be necessary and proper * * *'" Again, Baker does not claim he is entitled to a seat on council. Finally, even if we were to interpret Baker's allegations to mean that he is eligible to hold office, nowhere in the Complaint does Baker indicate which office he is allegedly entitled to hold. For these reasons, Baker lacks standing to bring this quo warranto original action and we sua sponte dismiss his complaint.

{¶10} The Ohio Supreme Court reached the same conclusion in *State ex rel. Annable v. Stokes*, 24 Ohio St.2d 32, 32-33, 262 N.E.2d 863 (1970), where the Court dismissed a quo warranto complaint because none of the relators claimed title to the congressional office they argued was unconstitutionally created and neither the attorney

general nor the prosecuting attorney brought the action. Similarly, in *Halak,* the court of appeals dismissed a quo warranto complaint because relator presented no good faith claim of entitlement to a disputed office and therefore, lacked standing. *Halak* at 337, 363 N.E.2d 744.

### III. Conclusion

{¶11}  For the above reasons, Baker's Complaint for Writ of Quo Warranto is sua sponte dismissed. Baker lacks standing to pursue the complaint under R.C. 2733.06. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶12}  COMPLAINT IN QUO WARRANTO IS SUA SPONTE DISMISSED.

{¶13}  COSTS TO RELATOR.

{¶14}  IT IS SO ORDERED.

By: Wise, John, J.

Wise, Earle, P. J., and

Gwin, J., concur.

JWW/ac 0302