DAYTON BLDG & SAVINGS ASSN et v
KROEGER et
ELSWORTH v EMERICK

Ohio Appeals, 2nd Dist, Montgomery Co

Nos 1401 & 1402. Decided Dec 28, 1936

Allen C. McDonald, Dayton, and Heald, Clark & Machle, Dayton, for appellant.

McConnaughey, Demann & McConnaughey, Dayton, for appellees.

**OPINION**

By BARNES, J.

The above entitled cases involve identical questions and are submitted together. In case No. 1401, The Dayton Building and Savings Association is the nominal plaintiff and appellant, the real plaintiffs. and appellants being eight individuals, each of whom were directors of the association at the time it was originally taken over by the Superintendent of Building and Loan Associations of Ohio for liquidation on September .29, 1933.

In case No. 1402 Carrie B. Ellsworth, plaintiff and appellant was a stockholder of the association holding in her own name and right 73 shares of stock of the par value of $7300. The defendants are the same in each case. The Superintendent of Building and Loan Associations is more or less a nominal defendant. The real defendants being seven individuals who are now claiming to be directors of the association and being in charge and control of the assets of the association and in the ad-

ministration of its affairs by and with the supervision of the Superintendent of Building and Loans.

The following brief statement of facts will render understandable the nature of the controversy and the manner in which the claimed errors arise.

On September 29, 1933 while the plaintiffs in case No. 1401 were duly elected and acting directors of the Dayton Building and Savings Association, such association was taken over by the Suerintendent of Building and Loan Associations for liquidation as provided in §§687 to 687-24(d) GC, inclusive.

Under the broad provisions of the above sections as has been construed by the Supreme Court of Ohio, the absolute possession of the assets of the association and the administration of its affairs was taken away from the Board of Directors and vested in the said Superintendent of Building and Loan Associations.

Sometime in the early fall of 1935 preliminary steps were taken looking to the transfer of the liquidation back to the association as provided under §687-22(a) GC. The petition contains the allegations, in effect, that the deputy Superintendent in charge of the liquidation of this particular association improperly procured from the plaintiffs their resignation. At or about the same time the present individual defendants were selected under some plan as directors through the action of the deputy superintendent with the understanding that such selection was only temporary and that a proper call would promptly be made for the election of directors by the stockholders of the association.

The claim is further made that the original Board of Directors had no right or authority to resign their positions as directors of the association and further that the defendants are interlopers without power or authority to act as such directors. The petition sets forth in detail that neither of said defendants have the qualifications for the office of director as required under the constitution and by-laws of the association.

The prayer of the petition was for injunction against the defendants restraining them from acting as a board of directors for said association and further relief. The trial court sustained a demurrer to an amended petition and plaintiff not desiring to plead further the actions were dismissed.

Plaintiff gave notice of appeal on question of law.

Very full and comprehensive briefs have been filed by counsel representing the respective parties. We also have the benefit of a very able opinion of the trial court.

In the final analysis there is but a single controverted question for determination

It was the claim of counsel for the defendants, concurred in by the trial court, that under the alleged facts in the petition, plaintiffs only remedy would be by quo warranto and not by injunction.

Jurisdiction in quo warranto under the constitution of our state is exclusively vested in the Supreme Court or Court of Appeals. §§12303 to 12311 GC inclusive, prescribe the procedure in quo warranto. §12303 GC in part reads as follows:

"A civil action may be brought in the name of the state; (1) Against a person who usurps, intrudes into or unlawfully holds or exercises a public office civil or military or a franchise within the state or an office in a corporation created by the authority of this State."

It will be observed that the above section refers not only to public office but also "an office in a corporation created by the authority of this state."

There can be no question in the instant case that the defendants come within the description of officers that would be subject to the quo warranto sections of the code. It will be further noted that the action expressly applies "against a person who usurps, intrudes into or unlawfully holds," etc.

Counsel for plaintiff in their briefs concede a remedy by quo warranto but urge that it is not exclusive. The remedy by injunction is claimed to be cumulative and further that such remedy in the instant case is requisite to complete relief.

We have made a very exhaustive study of the briefs of counsel and the authorities cited. We have arrived at the same conclusion as did the trial court. We would not be able to add anything to the very carefully prepared written opinion of Judge Martin. It shows careful study and complete analysis. The cases are brought together and distinguished. Each and every theory of counsel is discussed and answered.

It could serve no useful purpose to reiterate what has already been said. The appeal of plaintiff will be dismissed and costs follow the judgment.

Exceptions will be allowed.

CRAIG, PJ, and HORNBECK, J, concur.