THE STATE, EX REL. CORRIGAN, *v.* GREAT NORTHERN-CHAN RESTAURANT, INC., ET AL.

356

(No. 43499—Decided March 25, 1982.)

*Mr. Steven M. Ott,* for relator.

*Mr. Ronald S. Marshek,* for respondents.

MARKUS, P.J. Plaintiff-relator's complaint in *quo warranto* seeks to oust certain purported officers and directors of designated corporations from holding those positions or exercising those functions. Because the corporations involved are not created by the authority of this state, we must grant defendant's motion to dismiss.

This court's authority in *quo warranto* proceedings is limited by the statutory scope of such actions. *State, ex rel. Price,* v. *Columbus, Delaware & Marion Elec. Co.* (1922), 104 Ohio St. 120, 125. Governing statutes provide:

R.C. 2733.01:

"A civil action in quo warranto may be brought in the name of the state:

"(A) Against a person who usurps, intrudes into, or unlawfully holds or exercises a public office, civil or military, or a franchise, within this state, *or an office in a corporation created by the authority of this state;*

"(B) Against a public officer, civil or military, who does or suffers an act which, by law, works a forfeiture of his office;

"(C) Against an association of persons who act as a corporation within this state without being legally incorporated." (Emphasis added.)

R.C. 2733.02:

"A civil action in quo warranto may be brought in the name of the state against a corporation:

"(A) When it has offended against a law providing for its creation or renewal, or any amendment thereof;

"(B) When it has forfeited its privileges and franchises by nonuser;

"(C) When it has committed or omitted an act which amounts to a surrender of its corporate rights, privileges, and franchises;

"(D) When it has misused a franchise, privilege, or right conferred upon it by law, or when it claims or holds by contract or otherwise, or has exercised a franchise, privilege, or right in contravention of law;

"(E) When any application for a license to transact business in this state filed by a foreign corporation, any articles of incorporation of a domestic corporation or any amendment to them, or any certificate of merger or consolidation which set forth a corporate name prohibited by the Revised Code, has been improperly approved and filed."

The complaint alleges that the defendant directors and officers were illegally elected as officials of the defendant corporations. Thus, R.C. 2733.02 has no application to plaintiff-relator's claims. Further, R.C. 2733.01(A) specifically limits Ohio *quo warranto* actions against persons who allegedly usurp corporate offices to cases involving corporations "created by the authority of this state." See *Dayton Building & Savings Assn.* v. *Kroeger* (1936), 24 Ohio Law Abs. 145.

The complaint expressly states that the two corporations involved here were incorporated in the state of Delaware.[1] Since they were not created by the authority of the state of Ohio, the special

---

[1] Defendants' motion to dismiss is supported by an affidavit and photocopies of certified Delaware records which corroborate the Delaware incorporation of the two involved corporations. However, we do not treat defendants' motion as a summary judgment motion pursuant to Civ. R. 12(B), so we refer solely to the admission in plaintiff-relator's complaint to the same effect.

statutory remedy of *quo warranto* is not available.

Relator argues that these Delaware corporations are "created by the authority of this state," because they required Ohio licenses to do business in this state. R.C. 1703.03. Relator cites no Ohio authority that Ohio licensing of a foreign corporation satisfies the requirement that a corporation be "created by the authority" of Ohio, and we have found no such authority. Indeed, that view conflicts with the statutory definitions of a "domestic corporation" as one "formed under the laws of this state" (R.C. 1701.01[A]), and a "foreign corporation" as one "formed under the laws of another state" (R.C. 1701.01[B]). A corporation is formed or "created" under the authority of this state when one or more persons comply with the provisions of R.C. 1701.04 through 1701.13.

There is good reason for the distinction between foreign and domestic corporations for *quo warranto* proceedings challenging the selection of officers and directors. Traditionally, Ohio courts refuse to interfere with internal affairs of a foreign corporation. *Relief Assn. of Union Works* v. *Equitable Life Assur. Soc.* (1942), 140 Ohio St. 68 [23 O.O. 290]. See, also, *Rogers* v. *Guar. Trust Co.* (1933), 288 U.S. 123; Weintraub, Commentary on the Conflict of Laws (1971), page 159. But, see, Restatement of Conflict of Laws 2d (1971), Section 313. When incorporators form a foreign corporation or shareholders acquire stock in a foreign corporation, they presumably accept supervision by the state authorizing creation of that corporation's internal affairs. Comparison might be made to contracting parties who validly agree that their potential contract disputes must be heard and resolved in a particular state. See, *e.g., Central Contr. Co.* v. *Maryland Cas. Co.* (C.A. 3, 1966), 367 F. 2d 341. A contrary approach may be appropriate when the conduct of the corporation affects others adversely.

Certainly Ohio courts retain authority to require that foreign corporations comply with Ohio law while conducting activities within Ohio. *State, ex rel. Bricker,* v. *Buhl Optical Co.* (1936), 131 Ohio St. 217 [5 O.O. 562]. But the determination of rules governing the selection of officers and directors by the shareholders of a foreign corporation are best evaluated by courts familiar with the policies of the foreign jurisdiction whose statutes have created and continue to control that artificial entity.

For all these reasons, the motion to dismiss must be granted. This action is dismissed at relator's costs.

*Motion granted.*

DAY and JACKSON, JJ., concur.