THE STATE EX REL. HAWTHORN ET AL., APPELLANTS, *v.* RUSSELL ET AL.,

APPELLEES.

[Cite as *State ex rel. Hawthorn v. Russell,*

107 Ohio St.3d 269, 2005-Ohio-6431.]

*Quo warranto — Corporations — Standing — R.C. 2733.05 and 2733.06 — Only*
*Attorney General and prosecuting attorneys have standing to seek writ to*
*challenge right to nonpublic office.*

(No. 2005-0771 — Submitted October 25, 2005 — Decided December 21, 2005.)

APPEAL from the Court of Appeals for Summit County, No. 22380.

_____

**Per Curiam**.

{¶ 1}  This is an appeal from a judgment dismissing a complaint for a writ of quo warranto.

{¶ 2}  On October 28, 2004, appellants, Reverend Bruce E. Hawthorn and Reverend Ronald S. Beers, filed a complaint in the Court of Appeals for Summit County.  They sought a writ of quo warranto to remove appellees Walt Berry, Robert Rogers, Glenn Riggenbach, Isaac Rufener, Glen Miller, Cecil Young, and Gary Spriggs as directors of appellee Barberton Rescue Mission, Inc., a church and nonprofit corporation with its principal place of activity in Barberton, Ohio.  Appellants claimed that they are lawful directors of the corporation.  Appellants also named appellees Reverend Howard Russell and Reverend Richard Lupton, who are current directors of the mission, as additional respondents.

{¶ 3}  Appellees moved to dismiss the complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.  They claimed that appellants lacked standing to bring the quo warranto action.  The Attorney

General moved to intervene as a respondent and submitted an answer. In his answer, the Attorney General included as an affirmative defense that appellants lacked standing to institute the quo warranto action.

{¶ 4} On March 17, 2005, the court of appeals granted the motions and dismissed the complaint.

{¶ 5} This cause is now before the court upon appellants' appeal as of right.

{¶ 6} We affirm the judgment of the court of appeals. "[A]s we have consistently held, for persons other than the Attorney General or a prosecuting attorney, ' "an action in quo warranto may be brought by an individual as a private citizen only when he personally is claiming title to a public office." ' " *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters*, 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, ¶ 10, quoting *State ex rel. Annable v. Stokes* (1970), 24 Ohio St.2d 32, 53 O.O.2d 18, 262 N.E.2d 863; see R.C. 2733.05 and 2733.06. Because the office of director of the Barberton Rescue Mission was not a public office and appellants are neither the Attorney General nor a prosecuting attorney, appellants could not institute their quo warranto action.

{¶ 7} Moreover, as the court of appeals correctly held, appellants' reliance on R.C. 2733.07 to claim ability to institute the action does not warrant a different result. R.C. 2733.07 provides, "When the office of prosecuting attorney is vacant, or the prosecuting attorney is absent, interested in the action in quo warranto, or disabled, the court, or a judge thereof in vacation, may direct or permit any member of the bar to act in his place to bring and prosecute the action." It is undisputed that appellants are not attorneys and that no court directed or granted them leave to file their quo warranto action pursuant to R.C. 2733.07.

**{¶ 8}** Furthermore, regardless of whether this is considered an issue of standing, as we have previously held and the court of appeals found, or an issue of legal capacity, as appellants claim on appeal, appellees specifically raised this issue in their answer and motion to dismiss. And appellants waived their appellate argument that this is an issue of legal capacity by failing to raise that objection to appellees' dismissal motion in the court below. See *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 17.

**{¶ 9}** Therefore, because it appeared beyond doubt that appellants could not prevail in their quo warranto action, given their inability to bring it, the court of appeals correctly dismissed it. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

O'CONNOR, J., not participating.

————————————

Black, McCluskey, Souers & Arbaugh and Thomas W. Connors, for appellants.

Vorys, Sater, Seymour & Pease, L.L.P., Philip F. Downey, and James A. Hogan, for appellees.

Jim Petro, Attorney General, and Sherry M. Phillips, Principal Attorney, Charitable Law Section, Attorney General's Office; Amer Cummingham Co., L.P.A., and Thomas M. Saxer, for intervening appellee Attorney General.

————————————