[Cite as *State ex rel. Salim v. Ayed*, 2013-Ohio-4880.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Hamid Salim et al., | : | |
| Relators, | : | |
| v. | : | No. 12AP-356 |
| Mounir Ayed et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on November 5, 2013

*Rosenberg & Ball Co., LPA,* and *David T. Ball; Blaugrund, Herbert, Kessler, Miller, Myers Postalakis, Inc.,* and *Fazeel S. Khan,* for relators.

*Reash Law Offices,* and *Maryellen Corna Reash; Khasawneh & Associates, LLC,* and *Rateb Moh'd Khasawneh,* for respondents.

IN QUO WARRANTO

KLATT, P.J.

{¶ 1} Relators, Hamid Salim, Khaled Khamees, Nihad Al Khalidi, Fouad ElFaour, Dina Y. Ali, and Mihammed Allouche, commenced this original action seeking a writ of quo warranto to remove respondents, Mounir Ayed, Ghassan Bin Hamman, Nasser Kashou, Quassai Marashdeh, and Noorgul Dada, as directors of the Masjid Omar Ibn Khattab Mosque ("Omar Mosque"), an Ohio nonprofit corporation that operates a place of worship for believers of Islam.

{¶ 2} Pursuant to App.R. 34, Civ.R. 53(D), and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including

findings of fact and conclusions of law, which is appended hereto. The magistrate determined that relators cannot institute a quo warranto action in their individual capacities. For this reason, the magistrate recommended that we dismiss relators' complaint.

{¶ 3} Relators have filed 14 objections to the magistrate's decision. The first 12 objections challenge certain findings of fact that the magistrate made. The final two objections challenge the magistrate's legal conclusion.

{¶ 4} First, relators argue that the magistrate erred in not making any findings of fact regarding (1) relators' compliance with statutory requirements for calling and conducting a special director election, and (2) violations committed by respondents in their attempts to impede relators' lawful efforts. We disagree. Findings of fact regarding statutory compliance and/or violation are irrelevant to the magistrate's legal conclusion. The magistrate did not need to issue or rely on such findings of fact to reach the conclusion that relators lacked the capacity to pursue a quo warranto action. Accordingly, we overrule relators' first objection.

{¶ 5} Second, relators argue that the magistrate erred by stating in paragraph four of the findings of fact that "the Initial Board was only to govern until the end 2007." We agree. Based on the undisputed evidence before the magistrate, the Initial Board was to govern until the end of 2009. Accordingly, we sustain relators' second objection.

{¶ 6} Third, relators argue that paragraph six of the findings of fact is erroneous. Relators, however, fail to identify any error in that finding of fact. Rather, relators fault the magistrate for not explaining why mosque members did not "organize a push for change until Fall 2011." As that explanation is not a necessary factual predicate for the magistrate's legal conclusion, we see no error in the magistrate's exclusion of the explanation. Accordingly, we overrule relators' third objection.

{¶ 7} Fourth, relators argue that paragraph seven of the findings of fact is erroneous because it implies that respondents proactively called the September 9, 2011 meeting when, in fact, concerned mosque members first asked for the meeting. Paragraph seven does not state who called the September 9, 2011 meeting. That paragraph, therefore, does not imply what relators say it does.

{¶ 8}   By their fourth objection, relators also argue that the magistrate erred in finding that the meeting was held "to address the concerns raised by certain members and to get input on what steps should be taken next."  The only evidence on this point is that respondents called the meeting to address the concerns of mosque members.  Therefore, the magistrate erred by attributing a second purpose—the gathering of input—to the meeting.  Accordingly, we overrule in part and sustain in part the fourth objection.

{¶ 9}   Fifth, relators argue that paragraph eight of the findings of fact erroneously refers to the event that occurred on October 8, 2011 as a "community vote" when, in fact, it was a "survey."  Although framed as argument about terminology, the fifth objection actually seeks a ruling on the legal connotations of the October 8, 2011 event.  We decline to issue such a ruling.  Instead, we look to the record evidence to determine whether it supports the factual finding at issue.  According to the evidence, mosque members voted on October 8, 2011 on whether (1) to retain the current five-member board, with the addition of four more members, or (2) to hold an election for nine new board members.  We find no error in the magistrate's characterization of this event as a "community vote."  Accordingly, we overrule relators' fifth objection.

{¶ 10} Sixth, relators argue that the magistrate erred in paragraph 10 of the findings of fact by stating that relators decided to hold the special director election meeting.  We agree, and thus, we sustain relators' sixth objection.  Paragraph 10 should read:  "At the October 1, 2011 meeting, a majority of the attendees decided to call a special meeting on October 22, 2011 to address the issues of elections, membership, and bylaws."

{¶ 11} Seventh, relators argue that paragraph 11 of the findings of fact mischaracterizes the results of the October 8, 2011 community vote.  We agree.  Paragraph 11 should read:  "According to respondents, on October 8, 2011, 157 people voted, and 113 people chose Option I:  the Initial Board would remain in place and four additional members would join the board of directors."

{¶ 12} By their seventh objection, relators also argue that the magistrate erred in not addressing the improper influencing of votes, chaos, deception, violence, and fraud that occurred during the October 8, 2011 community vote.  Because such findings of fact are irrelevant to the magistrate's legal conclusion, we find no error in the omission of

those findings of fact. Accordingly, we sustain in part and overrule in part relators' seventh objection.

{¶ 13} Eighth, relators argue that paragraph 14 of the findings of fact is erroneous because it implies that, before their election, relators intended to assume control of Omar Mosque's bank accounts. Nothing in paragraph 14 addresses relators' intent; instead, paragraph 14 merely recounts what relators did after their election. The record evidence shows that, after their election, relators drafted a resolution that would allow them to assume control of Omar Mosque's bank accounts. Therefore, the magistrate did not err in so finding. Accordingly, we overrule relators' eighth objection.

{¶ 14} Ninth, relators argue that paragraph 16 of the findings of fact erroneously states that relators filed suit in the Franklin County Court of Common Pleas. We agree. Omar Mosque, at the instigation of the Initial Board, originated the action in the common pleas court. Accordingly, we sustain relators' ninth objection.

{¶ 15} Tenth, relators argue that paragraph 18 of the findings of fact wrongly portrays why respondents decided to conduct an election for a new board of directors. Paragraph 18 states that the Initial Board proceeded with the election "[b]ecause no resolution of the [parties'] dispute was possible." Relators assert that resolution was possible, but respondents unreasonably thwarted any potential resolution. As the parties vigorously contest why efforts to settle their dispute failed, we sustain relators' tenth objection. We modify paragraph 18 so that it reads: "Soon thereafter, the Initial Board decided to hold an election for new board members."

{¶ 16} Eleventh, relators argue that paragraph 19 of the findings of fact erroneously states that an independent third-party election committee oversaw the April 12, 2012 election and the election results. Uncontradicted evidence supports this finding, so we find no error in it. Accordingly, we overrule relators' 11th objection.

{¶ 17} Twelfth, relators argue that paragraph 22 of the findings of fact erroneously states that 146 "valid" ballots were cast in the April 21, 2012 election. Relators contend that no valid votes could be cast because the April 21, 2012 election was illegal. Once again, relators use a challenge to a finding of fact as a pretext for asserting a legal argument. We reject this gambit. Accordingly, we overrule relators' 12th objection.

{¶ 18} Thirteenth, relators argue that the magistrate erred in concluding that, as private citizens, they lack the ability to file an action requesting a writ of quo warranto. We disagree.

{¶ 19} Relators correctly point out that the relevant statutes do not explicitly state that a private citizen can only institute a quo warranto action when he or she is claiming entitlement to a public office. However, the Supreme Court of Ohio has interpreted the statutory scheme to mean exactly that. According to the Supreme Court, " 'for persons other than the Attorney General or a prosecuting attorney, an action in quo warranto may be brought by an individual as a private citizen only when he personally is claiming title to a public office.' " *State ex rel. Hawthorne v. Russell*, 107 Ohio St.3d 269, 2005-Ohio-6431, ¶ 6, quoting *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters*, 96 Ohio St.3d 68, 2002-Ohio-3527, ¶ 10; *accord State ex rel. Cain v. Kay*, 38 Ohio St.2d 15, 17 (1974) ("The right to bring an action in quo warranto remains, as at common law, a right of the state, and, except where title to a public office is involved, the use of quo warranto remains in the state or its officers."). If we adopted relators' argument, we would be contravening Supreme Court precedent. We cannot do that.

{¶ 20} Next, relators argue that the office of director of a nonprofit corporation is a public office for quo warranto purposes. We disagree.

{¶ 21} "[T]he most general distinction of a public office is, that it embraces the performance by the incumbent of a public function delegated to him as a part of the sovereignty of the state. * * * 'An office, such as to properly come within the legitimate scope of an information in the nature of quo warranto, may be defined as a public position, to which a portion of the sovereignty of the county, either legislative, executive, or judicial, attaches for the time being, and which is exercised for the benefit of the public.' " *Id.* at 18, quoting *State ex rel. Atty. Gen. v. Jennings*, 57 Ohio St. 415, 424 (1898). A director of a nonprofit corporation does not perform any governmental function. Moreover, a corporate director serves the interests of the corporation, not the public. Thus, we conclude that the office of director of a nonprofit corporation is not a public office.

{¶ 22} In sum, we find that the magistrate did not err in concluding that relators lack the ability to pursue a quo warranto action in their individual capacities. Accordingly, we overrule relators' 13th objection.

{¶ 23} Fourteenth, relators take issue with the magistrate's conclusion that they are not deprived of a remedy because either the attorney general or the Franklin County prosecuting attorney can file a quo warranto action on their behalf. Relators aver that, so far, neither the attorney general nor the prosecuting attorney has agreed to proceed on their behalf. While we recognize that the statutory requirements of R.C. Chapter 2733 place relators in a difficult position, relators' plight is not a reason to allow them to proceed with this action. *Masjid Omar Ibn El Khattab Mosque v. Salim*, 10th Dist. No. 12AP-807, 2013-Ohio-2746, ¶ 24. Accordingly, we overrule relators' 14th objection.

{¶ 24} Following an independent review of this matter, we overrule relators' first, third, fifth, eighth, eleventh, twelfth, thirteenth, and fourteenth objections; we sustain relators' second, sixth, ninth, and tenth objections; and we overrule in part and sustain in part relators' fourth and seventh objections. Although we adopt the magistrate's conclusions of law, we modify the findings of fact to the extent set forth above.

*Objections overruled in part, sustained in part;*
*cause dismissed.*

BROWN and CONNOR, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Hamid Salim et al., | : | |
| Relators, | : | |
| v. | : | No. 12AP-356 |
| Mounir Ayed et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

---

**M A G I S T R A T E ' S   D E C I S I O N**

**Rendered on May 14, 2013**

---

*Rosenberg & Ball Co., LPA,* **and** *David T. Ball; Blaugrund, Herbert, Kessler, Miller, Myers Postalakis, Inc.,* **and** *Fazeel S. Khan,* **for relators.**

*Reash Law Offices,* **and** *Maryellen Corna Reash; Khasawneh & Associates, LLC,* **and** *Rateb Moh'd Khasawneh,* **for respondents.**

---

IN QUO WARRANTO
ON MOTIONS FOR SUMMARY JUDGMENT

{¶ 25} Relators Hamid Salim, Khaled Khamees, Nihad Al Khalidi, Fouad ElFaour, Dina Y. Ali, and Mohammed Allouche, have filed this original action requesting that this court issue a writ of quo warranto ousting respondents Mounir Ayed, Ghassan Bin Hammam, Nasser Kashou, Quassai Marashdeh, and Noorgul Dada from the Board of Directors of Omar Ibn El Khattab Mosque, Inc. ("Omar Mosque") and declaring that relators are the lawful directors of the Omar Mosque.

<u>Findings of Fact</u>:

{¶ 26} 1. Omar Mosque was formed as a non-profit entity in 2007.

{¶ 27} 2. An Initial Board of Directors ("Initial Board") was identified and included respondents Mounir Ayed, Ghassan Bin Hammam, Nasser Kashou, Quassai Marashdeh, and Noorgul Dada.

{¶ 28} 3. The Initial Board was to govern Omar Mosque until the end of 2009.

{¶ 29} 4. Despite the fact that the Initial Board was only to govern until the end of 2007, the Initial Board continued to govern beyond 2009.

{¶ 30} 5. While the Initial Board continued to govern, some members of Omar Mosque began questioning their authority and asking when elections would occur.

{¶ 31} 6. Despite the fact that some members of Omar Mosque questioned the authority of the Initial Board to continue governing after 2009, no one took any action to organize a push for change until Fall 2011.

{¶ 32} 7. On September 9, 2011, members of Omar Mosque gathered for a meeting to address the concerns raised by certain members and to get input on what steps should be taken next.

{¶ 33} 8. Ultimately, it was determined that a community vote would take place on October 8, 2011.

{¶ 34} 9. In the meantime, relators assert that they provided notice of a community meeting to be held on October 1, 2011.

{¶ 35} 10. At their October 1, 2011 meeting, relators continued with their plan to hold a special meeting on October 22, 2011, to address the issues of "elections, membership and bylaws." (Affidavit of Nasir Hassan, ¶ 26.)

{¶ 36} 11. According to respondents, on October 8, 2011, 157 people attended and 113 voted in favor of Option II: the Initial Board would remain in place until membership was established and a formal election for a new board could be conducted.

{¶ 37} 12. According to relators, 79 people attended the October 22, 2011 meeting at which time nominations for a new board of directors were opened, 14 people were nominated and those in attendance voted.

{¶ 38} 13. According to relators, the following people were elected to the board ("Second Board"):  Hamid Salim, Dr. Khaled Khamees, Mohammed Allouche, Dina Ali, Hagar Diab, Nihad Al Khalidi, Fouad ElFaour.

{¶ 39} 14. Thereafter, the Second Board held a meeting, elected officers, and drafted a resolution that would allow them to assume control of Omar Mosque's bank account.

{¶ 40} 15. Relators presented the resolution to the bank and the bank transferred control of the account to relators.

{¶ 41} 16. As a result, on November 23, 2011, the following individuals filed an action in the Franklin County Court of Common Pleas on behalf of Omar Mosque:  Hamid Salim, Dr. Khaled Khamees, Nihad Al Khalidi, Fouad ElFaour, Dina Y. Ali, Hagar Diab, and Mohammed Allouche.

{¶ 42} 17.  Judge Bessey attempted to assist the members of Omar Mosque to reach a mutually agreed upon method by which the members could select a new board; however, all attempts at reconciliation have failed.

{¶ 43} 18. Because no resolution of the dispute was possible, the Initial Board moved forward with plans to conduct an election to elect a new board as had been decided the October 8, 2011 vote.

{¶ 44} 19.  The Initial Board announced an election procedure with an independent third-party election committee to oversee the election and the election results.

{¶ 45} 20. Nominations for the board were solicited and, on April 20, 2012, the candidates each gave a short presentation about their vision for the community.

{¶ 46} 21. The final membership list for voting included 314 registered members.

{¶ 47} 22. The election was conducted on April 21, 2012.  One hundred and forty six valid ballots were cast and the following individuals were elected to the Board of Directors of Omar Mosque ("Third Board"):  Basil Gohar (136 votes); Marwan Mohammed (127 votes); Ehsan Diab (125 votes); Mohamed Taffa (111 votes); Azad Zangana (110 votes); Brahim Mousaid (97 votes); and Bakht Quraish (76 votes).

{¶ 48} 23. On April 20, 2012, relators filed this quo warranto action.

{¶ 49} 24. In a decision and entry filed September 14, 2012, Judge Bessey sua sponte dismissed the common pleas court case finding that an action in quo warranto was the proper remedy.

{¶ 50} 25. On October 18, 2012, respondents filed a motion to dismiss and relators filed a memorandum contra.

{¶ 51} 26. On November 15, 2012, the magistrate denied respondents' motion to dismiss.

{¶ 52} 27. During a conference with the magistrate wherein the parties were again encouraged to settle their dispute amongst themselves, it was apparent that the parties could not resolve the matter without court intervention.

{¶ 53} 28. It was determined that the parties would each file motions for summary judgment and present evidence in the form of affidavits and attachments.

{¶ 54} 29. The matter is currently before the magistrate on the parties' motions for summary judgment and memoranda contra.

Conclusions of Law:

{¶ 55} After conducting further research and careful consideration, the magistrate finds that respondents' motion to dismiss should have been granted on the authority of *State ex rel. Hawthorn v. Russell,* 107 Ohio St.3d 269, 2005-Ohio-6431.

{¶ 56} In *Hawthorn*, appellants Reverend Bruce E. Hawthorn and Reverend Ronald S. Beers sought a writ of quo warranto to remove appellees Walt Berry, Robert Rogers, Glenn Riggenbach, Isaac Rufener, Glen Miller, Cecil Young, and Gary Spriggs as directors of the Barberton Rescue Mission, Inc., a church and non-profit corporation. Appellants claimed that they were the lawful directors of the corporation.

{¶ 57} Appellees moved to dismiss the complaint under R.C. 12(B)(6) for failure to state a claim upon which relief could be granted. Appellees argued that appellants lacked standing to bring the quo warranto action.

{¶ 58} The court of appeals agreed with appellees, granted the motion and dismissed the complaint.

{¶ 59} Appellants appealed to the Supreme Court of Ohio; however, the Supreme Court affirmed the judgment of the court of appeals stating:

We affirm the judgment of the court of appeals. "[A]s we have consistently held, for persons other than the Attorney General or a prosecuting attorney, ' "an action in quo warranto may be brought by an individual as a private citizen only when he personally is claiming title to a public office." ' " *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters,* 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, ¶ 10, quoting *State ex rel. Annable v. Stokes* (1970), 24 Ohio St.2d 32, 53 O.O.2d 18, 262 N.E.2d 863; see R.C. 2733.05 and 2733.06. Because the office of director of the Barberton Rescue Mission was not a public office and appellants are neither the Attorney General nor a prosecuting attorney, appellants could not institute their quo warranto action.

*Id.* at 6.

{¶ 60} Relators may bring a quo warranto action to remove respondents from the Board of Directors; however, because Omar Mosque is not a public office, relators may not bring that action as private citizens. Because the Board of Directors of Omar Mosque is not a public office and because relators are neither the attorney general nor a prosecuting attorney, relators do not have standing to institute the quo warranto action in their individual capacity.

{¶ 61} Relators are not deprived of a remedy. Relators need to bring their dispute to the attention of either the attorney general or the prosecuting attorney who can then file the quo warranto action.

{¶ 62} Based on the foregoing, it is this magistrate's decision that this court should dismiss relators' complaint.

/S/ MAGISTRATE
STEPHANIE BISCA BROOKS

NOTICE TO THE PARTIES
Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).