**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Salim v. Ayed,* **Slip Opinion No. 2014-Ohio-4736.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4736

THE STATE EX REL. SALIM ET AL., APPELLANTS, *v.* AYED ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Salim v. Ayed,* **Slip Opinion No. 2014-Ohio-4736.]**

*Quo warranto—Private individuals have no standing to institute an action in quo warranto to oust officers of a private, not-for-profit corporation—Court of appeals' judgment denying petition affirmed.*

(No. 2013-1946—Submitted July 8, 2014—Decided October 29, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 12AP-356, 2013-Ohio-4880.

_____

**Per Curiam.**

{¶ 1} We affirm the Tenth District Court of Appeals' denial of a petition for a writ of quo warranto to oust certain individuals from the board of directors of the Omar Ibn El Khattab Mosque, Inc. ("Omar Mosque" or "the mosque"). The court of appeals correctly denied the petition because private individuals have no standing to institute an action in quo warranto to oust officers of a private, not-for-profit corporation. *State ex rel. Hawthorn v. Russell*, 107 Ohio St.3d 269, 2005-Ohio-6431, 838 N.E.2d 666.

*Facts*

**{¶ 2}** The Omar Mosque was created in 2007, when the Islamic Society of Greater Columbus ("ISGC") was restructured. At that time, Omar Mosque was created as an entity separate from the ISGC under an agreement titled Referendum on Reorganizing and Restructuring ISGC ("referendum"), and respondents-appellees, Mounir Ayed, Ghassan Bin Hammam, Nasser Kashou, Qussai Mareshdeh, and Noorgul Dada, were named as members of the board of directors for the mosque ("Old Board"). According to the referendum creating Omar Mosque, the initial board was to be an interim board, with the members' term ending after two years, and during those two years, the board was to create a mechanism for renewing memberships and for adding new members and to prepare a constitution and bylaws to be ratified by the Omar Mosque members.

**{¶ 3}** According to relators-appellants, Hamid Salim, Khaled Khamees, Nihad Al Khalidi, Fouad ElFaour, Dina Y. Ali, and Mihammed Allouche, the members of the Old Board never did any of the tasks expected of them in the referendum. They never presented bylaws or a constitution to the members for ratification, and they never created a membership mechanism; moreover, they refused to provide a list of members of Omar Mosque. They did not step down in 2009 as expected, but continued to act as the board of directors of the mosque.

**{¶ 4}** After a series of disputes, some violent, between some of the mosque members and the members of the Old Board, some of the dissatisfied mosque members organized a meeting for all mosque members. Attorney Geoffrey P. Scott attended the meeting by request to ensure that any election was conducted in accordance with the requirements of the Revised Code. At the meeting, a membership list was created, nominations for a new board of directors were opened, and 14 people were nominated. Elections were held, and a "New Board" was elected. Relators-appellants are six members of the New Board.

**{¶ 5}** The New Board immediately held a meeting to appoint officers. Attorney Scott accompanied the New Board's president and treasurer to the mosque's bank. Upon presentation of their credentials as officers, the bank added them as signatories to the mosque's bank account.

**{¶ 6}** When the members of the Old Board learned of the new signatories on the account, they froze the mosque's account. The Omar Mosque, at the instigation of the members of the Old Board then filed suit against the members of the New Board in the Franklin County Court of Common Pleas, and the money belonging to the mosque was deposited with the Franklin County Clerk of Courts. The Old Board held an election shortly after completing a membership-registration process, and yet another board was elected.

**{¶ 7}** Appellants then filed this case in quo warranto in the Tenth District Court of Appeals. The court of common pleas dismissed the case before it, holding that it lacked subject-matter jurisdiction over the action because it was in effect a quo warranto action, s*ee Masjid Omar Ibn El Khattab Mosque v. Salim*, 10th Dist. Franklin No. 12AP-807, 2013-Ohio-2746, ¶ 13, 21, but the Franklin County Clerk of Courts continues to retain the mosque's funds pending the outcome of this case. *Id.* at ¶ 29. The mosque, through the members of the Old Board, appealed the dismissal, but the Franklin County Court of Appeals affirmed, holding that the core issue—the validity of the election of the New Board—had to be resolved through a quo warranto action. *Id.* at ¶ 21.

**{¶ 8}** In the quo warranto case, the members of the Old Board filed a motion for summary judgment, arguing that appellants lack standing to bring such an action against the officers of a not-for-profit corporation.

**{¶ 9}** The court of appeals assigned the case to a magistrate, who recommended that the Old Board's motion for summary judgment be granted on the authority of *State ex rel. Hawthorn v. Russell*, 107 Ohio St.3d 269, 2005-Ohio-6431, 838 N.E.2d 666. Appellants filed objections, and a panel of the court

of appeals sustained some of the objections to the magistrate's findings of fact, but ultimately adopted the magistrate's conclusions of law and dismissed the complaint. Appellants appealed as of right to this court.

{¶ 10} Appellants filed a merit brief with a supplement, but appellees failed to file a timely brief.

*Analysis*

{¶ 11} The question here is whether appellants have standing to bring an action in quo warranto to oust the members of the Old Board. Ordinarily, an action in quo warranto must be brought by the Attorney General or a prosecuting attorney. R.C. 2733.05. An exception is provided for "[a] person claiming to be entitled to a public office unlawfully held and exercised by another," who may "bring an action therefor by himself or an attorney at law." R.C. 2733.06. A private person cannot maintain an action in quo warranto except under the authority of R.C. 2733.06, and " 'he must show not only that he is entitled to the office, but also that it is unlawfully held and exercised by the defendant in the action.' " *State ex rel. Halak v. Cebula*, 49 Ohio St.2d 291, 292, 361 N.E.2d 244, 246 (1977), quoting *State ex rel. Heer v. Butterfield*, 92 Ohio St. 428, 111 N.E. 279 (1915), paragraph one of the syllabus; *State ex rel. Smith v. Nazor*, 135 Ohio St. 364, 21 N.E.2d 124 (1939); *State ex rel. Lindley v. The Maccabees*, 109 Ohio St. 454, 142 N.E. 888 (1924).

{¶ 12} In a case decided less than ten years ago, we held that a private person cannot sustain a quo warranto action against the officers of a private corporation. *State ex rel. Hawthorn v. Russell*, 107 Ohio St.3d 269, 2005-Ohio-6431, 838 N.E.2d 666. Specifically, *Hawthorn* involved two ministers who filed a complaint in quo warranto to remove directors of the Barberton Rescue Mission, Inc., a church and nonprofit corporation. The ministers claimed that they were the lawful directors of the church. The *Hawthorn* court held that a person other than the attorney general or a prosecuting attorney may bring an action in quo warranto

4

" ' "only when he personally is claiming title to a *public office*." ' " (Emphasis added.) *Id.* at ¶ 6, quoting *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters*, 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, ¶ 10, quoting *State ex rel. Annable v. Stokes*, 24 Ohio St.2d 32, 262 N.E.2d 863 (1970), and also citing R.C. 2733.05 and 2733.06.

{¶ 13} Thus, according to *Hawthorn*, private persons claiming to be lawful directors of a religious not-for-profit corporation lack standing to oust others claiming to be the lawful directors by way of an action in quo warranto. The court of appeals was therefore correct under *Hawthorn* in dismissing the action.

{¶ 14} Moreover, appellants' arguments to the contrary do not hold up to scrutiny. In their first proposition of law, they claim that the silence of R.C. 2733.01 regarding who may bring a quo warranto action must be construed to allow them to bring this action. Their first argument misconstrues the case law on this point. They claim a distinction between standing to challenge a corporation's franchise and standing to challenge whether one of a corporation's officers is entitled to his or her office. Appellants contend, for example, that *Lindley*, 109 Ohio St. 454, 142 N.E. 888, supports their position, but that case clearly holds that a private person may bring a quo warranto action only when he or she claims entitlement to a *public* office. *Id.* at 457-458. Similarly, in *State ex rel. Macdonald v. Shawnee Country Club*, 2 Ohio St.2d 176, 207 N.E.2d 658, 659 (1965), the court held that a quo warranto case may be brought by a citizen in his or her private capacity only when the person claims a personal right to a public office.

{¶ 15} Appellants claim that an "extensive body" of Ohio case law allows citizens to bring quo warranto actions in their private capacity to oust corporate officers. However, many of the cases they cite are inapposite. First, all but one of the cited cases were decided before *Hawthorn*, which was issued in 2005.

Second, with only one exception, the cited cases were issued by courts of appeals or courts of common pleas, and not this court. And finally, many of the cases do not hold what appellants claim.

{¶ 16} Most of the cases assert that a quo warranto action is the proper and exclusive remedy for ousting a corporate officer. However, they do not hold that an action may be brought by a person acting in his or her private capacity in such a case, only that quo warranto is the proper remedy. *Unirea Societatilor Romane Carpatina of Cleveland v. Suba*, 130 Ohio App.3d 538, 541, 720 N.E.2d 594 (8th Dist.1998); *Carlson v. Rabkin*, 152 Ohio App.3d 672, 2003-Ohio-2071, 789 N.E.2d 1122, ¶ 35; PEACE-*U.S.A. v. Abbott*, 10th Dist. Franklin No. 89AP-1334, 1990 WL 75405 (June 7, 1990); *Veterans of World War I v. Levy*, 70 Ohio Law Abs. 49, 57, 118 N.E.2d 670 (8th Dist.1954); *Dayton Bldg. & Savs. Assn. v. Kroeger*, 24 Ohio Law Abs. 145, 146 (2d Dist.1936); *Global Launch, Inc. v. Wisehart*, 156 Ohio Misc.2d 1, 2010-Ohio-1457, 925 N.E.2d 698, ¶ 6. Only one cited case was decided by this court, and it also falls into this category. *Hullman v. Honcomp*, 5 Ohio St. 237, 242 (1855).

{¶ 17} One case holds only that "a court of common pleas does not have the authority to hear actions in quo warranto; only the Supreme Court and appellate courts can issue such a writ." *Strah v. Lake Cty. Humane Soc.*, 90 Ohio App.3d 822, 828, 631 N.E.2d 165 (11th Dist.1993), citing *State ex rel. Battin v. Bush*, 40 Ohio St.3d 236, 238, 533 N.E.2d 301 (1988).

{¶ 18} To the extent that some of the cited cases allow (or appear to allow) a private citizen to bring an action in quo warranto against corporate officers, they have been overruled by *Hawthorn*, 107 Ohio St.3d 269, 2005-Ohio-6431, 838 N.E.2d 666. *State ex rel. Babione v. Martin*, 97 Ohio App.3d 539, 544, 647 N.E.2d 169 (6th Dist.1994); *State ex rel. E. Cleveland Democratic Club, Inc. v. Bibb*, 14 Ohio App.3d 85, 87, 470 N.E.2d 257 (8th Dist.1984); *State ex rel.*

*Northeast Property Owners Civic Assn. v. Kennedy*, 117 Ohio App. 79, 84, 181 N.E.2d 495 (8th Dist.1962).

{¶ 19} Finally, one cited case rejected quo warranto on the basis that the corporations involved were not incorporated in Ohio. *State ex rel. Corrigan v. Great Northern-Chan Restaurant, Inc.*, 3 Ohio App.3d 355, 357, 445 N.E.2d 732, 733 (8th Dist.1982).

{¶ 20} Appellants also argue that the statutes do not explicitly prevent a person from bringing a quo warranto action in his or her private capacity against the officer of a corporation and therefore the court should interpret it to allow them to bring suit. R.C. 2733.01 lists the types of quo warranto cases that may be brought and does not mention who may bring them. However, R.C. 2733.04 and 2733.05 are the general provisions setting out who may bring a quo warranto case, and they list only the attorney general and a prosecuting attorney, with no mention of a private person:

> When directed by the governor, supreme court, secretary of state, or general assembly, the attorney general, or a prosecuting attorney, shall commence an action in quo warranto. When, upon complaint or otherwise, either of such officers has good reason to believe that any case specified in section 2733.02 of the Revised Code can be established by proof, he shall commence such action.

R.C. 2733.04.

> The attorney general or a prosecuting attorney may bring an action in quo warranto upon his own relation, or, on leave of the court, or of a judge thereof in vacation, he may bring the action upon the relation of another person. If the action is brought under

division (A) of section 2733.01 of the Revised Code, he may require security for costs to be given as in other cases.

R.C. 2733.05. The only exception to this general rule is R.C. 2733.06, which allows a private person claiming to be entitled to a public office unlawfully held by another, to bring a quo warranto action on his own behalf:

A person claiming to be entitled to a *public office* unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs.

(Emphasis added.) R.C. 2733.06.

{¶ 21} Appellants argue that the statutes do not preclude another exception, but under the general rule of statutory construction, expressio unius est exclusio alterius, "the expression of one or more items of a class implies that those not identified are to be excluded." *State v. Droste*, 83 Ohio St.3d 36, 39, 697 N.E.2d 620 (1998). Here, standing in quo warranto is given exclusively to the attorney general and county prosecutors with a single exception: persons who claim entitlement to a *public office*. That exception, under traditional construction, indicates that other exceptions do not exist.

{¶ 22} Therefore, appellants' convoluted statutory arguments to the contrary, for a person to have standing to bring a quo warranto action in a private capacity, he or she must be claiming to be entitled to a public office.

{¶ 23} Appellants argue in the alternative that the term "public office" should encompass the directors of a nonprofit corporation. They cite in particular *State ex rel. Cain v. Kay*, 38 Ohio St.2d 15, 309 N.E.2d 860 (1974), which states that "R.C. 2733.06 does not define 'public office,' and the definitions developed

8

in this court and others are numerous, varied, and not wholly consistent." *Id.* at 17. However, *Cain* also quotes the following passage from *State ex rel. Atty. Gen. v. Jennings,* 57 Ohio St. 415, 49 N.E. 404 (1898), as the best articulation of the general principle that should guide the determination of "public office" in the quo warranto context: " 'the most general distinction of a public office is that it embraces the performance by the incumbent of a public function delegated to him as a part of the sovereignty of the state.' " *Cain* at 18, quoting *Jennings* at 424. *Jennings* goes on to state that " '[t]he most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involve a delegation to the individual of some of the sovereign functions of government * * *.' " *Jennings* at 424, quoting Mechem, *The Law of Public Offices and Officers*, Section 4 (1890).

{¶ 24} An officer of a private corporation cannot be said to be performing any function that is "part of the sovereignty of the state" no matter how beneficial to the public the corporation may be.

{¶ 25} Finally, appellants argue that even if they cannot bring a quo warranto action on their own behalf, the court should exercise its power under R.C. 2733.04 to direct the attorney general to commence an action in quo warranto on their behalf. However, the only case in which we explored this question held that "the power of the court under this section should, as a general rule, be exercised only when something relating to the court, or its business, renders it necessary or advisable." *Thompson v. Watson*, 48 Ohio St. 552, 553, 31 N.E. 742 (1891).

{¶ 26} Appellants argue that the matter does pertain to the courts, because the mosque's money is still being held by the Franklin County Clerk of Courts. This connection is too thin a reed. The court is holding the mosque's money not for itself or because of an issue regarding court functions. It is holding the money pending resolution of the dispute between the factions at the mosque. Following

the holding in *Thompson*, we refuse to direct the attorney general to bring a quo warranto action on behalf of appellants against the members of the Old Board.

**{¶ 27}** Appellants argue that unless the court allows them to bring a quo warranto case, or directs the attorney general to bring such an action, they are without a remedy. The court of appeals correctly analyzed this issue:

> Relators aver that, so far, neither the attorney general nor the prosecuting attorney has agreed to proceed on their behalf. While we recognize that the statutory requirements of R.C. Chapter 2733 place relators in a difficult position, relators' plight is not a reason to allow them to proceed with this action. *Masjid Omar Ibn El Khattab Mosque v. Salim*, 10th Dist. [Franklin] No. 12AP-807, 2013-Ohio-2746, ¶ 24.

10th Dist. No. 12AP-356, 2013-Ohio-4880, ¶ 23.

**{¶ 28}** Thus, despite the fact that appellants and similarly situated litigants may have no remedy if they cannot persuade the attorney general or a prosecutor to initiate a case, the statutes allow no other outcome. This fact may raise an issue for the legislature to address, but it is not a reason to allow appellants to proceed. We therefore affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Rosenberg & Ball Co., L.P.A., and David T. Ball; Blaugrund, Herbert, Kessler, Miller, Myers & Postalakis, Inc., and Fazeel S. Khan, for appellants.

_____