[Cite as *State ex rel. Justice v. State*, 2016-Ohio-7010.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Monica Greer Justice, | : | |
| Relator, | : | |
| v. | : | No. 15AP-993 |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

D E C I S I O N

Rendered on September 27, 2016

*Monica Greer Justice,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

IN QUO WARRANTO
ON RESPONDENT'S MOTION TO DISMISS

KLATT, J.

{¶ 1} Relator, Monica Greer Justice, an inmate of the Ohio Reformatory for Women, commenced this original action in quo warranto. Relator challenges this court's October 7, 2015 dismissal of her appeal in case No. 15AP-149. Relator also challenges this court's refusal to consider her brief filed on August 21, 2015. The Franklin County prosecuting attorney has filed a motion to dismiss relator's complaint.

{¶ 2} Pursuant to Civ.R 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that the allegations in relator's complaint fails to state a claim on which a writ of quo warranto can

issue.  The magistrate noted that the action was not brought by the attorney general or a prosecuting attorney.  Moreover, relator does not claim that she is entitled to a public office unlawfully held and exercised by another.  Therefore, the magistrate has recommended that we grant the motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6).

{¶ 3}  Relator did not file an objection to the magistrate's decision.

{¶ 4}  Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we grant the motion to dismiss.

*Motion to dismiss granted.*

BROWN and SADLER, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Monica Greer Justice, | : | |
| Relator, | : | |
| v. | : | No. 15AP-993 |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

---

**M A G I S T R A T E ' S   D E C I S I O N**

**Rendered on March 17, 2016**

---

*Monica Greer Justice,* **pro se.**

*Ron O'Brien*, **Prosecuting Attorney, and** *Jeffrey C. Rogers,* **for respondent.**

---

IN QUO WARRANTO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}   In this original action, relator, Monica Greer Justice, an inmate of the Ohio Reformatory for Women ("ORW"), requests that this court issue a writ of quo warranto.
<u>Findings of Fact</u>:

{¶ 6}   1.  On October 28, 2015, relator, an ORW inmate, filed this original action. This original action is improperly styled by relator as "State of Ohio, Plaintiff-Appellee v. Monica Greer Justice, Defendant-Appellant."

{¶ 7}   2.  The magistrate takes notice that, on March 3, 2015, the Franklin County Public Defender filed a notice of appeal in this court on behalf of Monica Greer Justice.

The notice of appeal is styled "State of Ohio vs. Monica G. Justice." The appeal was assigned case No. 15AP-149.

{¶ 8} 3. The magistrate further notes that, on March 18, 2015, the Franklin County Public Defender moved to withdraw as counsel for the appellant in case No. 15AP-149. On March 20, 2015, this court granted the motion to withdraw. On May 26, 2015, this court granted appellant's pro se motion for extension of time until July 1, 2015 to file her brief in case No. 15AP-149.

{¶ 9} 4. On June 29, 2015, construing appellant's June 26, 2015 motion as one for an extension of time to file her brief, this court ordered that her brief be filed no later than August 21, 2015. This court's journal entry of June 29, 2015 warned that "No further extensions shall be granted for said purposes."

{¶ 10} 5. On August 25, 2015, this court issued a journal entry that sua sponte strikes appellant's August 21, 2015 brief on grounds that it exceeds the page limit set forth in Loc.R. 8(B).

{¶ 11} 6. On October 7, 2015, this court issued its journal entry of dismissal in case No. 15AP-149. This court sua sponte dismissed the appeal for the failure of the appellant to file a brief.

{¶ 12} 7. On October 28, 2015, relator filed this original action requesting a writ of quo warranto. Pursuant to Loc.R. 13(B), relator has deposited with the clerk of this court the sum required as security for the payment of costs.

{¶ 13} 8. In her complaint filed in this original action, relator challenges this court's October 7, 2015 dismissal of her appeal in case No. 15AP-149. Relator objects to this court's striking of her brief filed on August 21, 2015.

{¶ 14} 9. On December 8, 2015, in this original action, the Franklin County Prosecuting Attorney filed a motion to dismiss.

Conclusions of Law:

{¶ 15} It is the magistrate's decision that this court grant the December 8, 2015 motion to dismiss on grounds that the complaint fails to state a claim on which the writ of quo warranto can issue.

{¶ 16} Recently, the Supreme Court of Ohio pronounced in *State ex rel. Salim v. Ayed,* 141 Ohio St.3d 129, 2014-Ohio-4736:

> Ordinarily, an action in quo warranto must be brought by the attorney general or a prosecuting attorney. R.C. 2733.05. An exception is provided for "[a] person claiming to be entitled to a public office unlawfully held and exercised by another," who may "bring an action therefor by himself or an attorney at law." R.C. 2733.06. A private person cannot maintain an action in quo warranto except under the authority of R.C. 2733.06 * * *.

*Id.* at ¶ 11.

{¶ 17} It is clear that none of the allegations of the complaint confer jurisdiction upon this court in quo warranto.

{¶ 18} This action was not brought by the attorney general or a prosecuting attorney.  Moreover, relator, as a private person, does not claim that she is entitled to a public office unlawfully held and exercised by another.

{¶ 19} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *State ex rel. Boggs v. Springfield Local Sch. Dist. Bd. of Educ.,* 72 Ohio St.3d 94, 95 (1995).

{¶ 20} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of fact entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus.

{¶ 21} Thus, based upon the above analysis, this court must grant the motion to dismiss. *See State ex rel. Feathers v. Gansheimer,* 11th Dist. No. 2006-A-0038, 2007-Ohio-2858.  (The court of appeals sua sponte dismissed a complaint for a writ of prohibition brought by a prison inmate against the warden of the prison.)

{¶ 22} Accordingly, it is the magistrate's decision that this court grant the motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).