DeWine, J., dissenting.
{¶ 37} Last year, we reviewed the evidence in this case and a majority of the court decided that a writ of quo warranto should issue. State ex rel. DeWine v. Omar Ibn El Khattab Mosque, Inc. , 156 Ohio St.3d 513, 2018-Ohio-5112, 130 N.E.3d 227 (" Omar Ibn El Khattab Mosque I "). The current majority now votes to reconsider that decision for the sole reason that the court's new members would have decided the case differently had they been given the opportunity to do so. I believe that reconsideration is inappropriate in this case, so I disagree with the majority's *245 decision to review and vacate the court's decision in Omar Ibn El Khattab Mosque I . And because I think the majority is wrong on the merits, I dissent from its judgment on reconsideration as well.
Reconsideration is not appropriate in this case
{¶ 38} It is true that this court has the authority "to correct decisions which, upon reflection, are deemed to have been made in error." State ex rel. Huebner v. W. Jefferson Village Council , 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1996). But this case would seem an unlikely candidate for reconsideration. Unlike the cases that this court reconsidered two years ago, Omar Ibn El Khattab Mosque I did not announce watershed new rules having a significant statewide impact. See *534 State v. Aalim , 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883 ; State v. Gonzales , 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419. Nor has there been any assertion that the court failed to consider certain arguments. See , e.g. , Aalim at ¶ 1. And this case has little precedential value, as the outcome is entirely fact-specific.
{¶ 39} The motion for reconsideration contains substantially the same arguments that were originally presented to this court (except the motion now asserts that our initial decision was riddled with the same errors as those of the lower courts). Those arguments were fully addressed and decided the first time around, and there is no cause for their reconsideration here.
On the merits, the majority misses the mark
{¶ 40} The facts of this case are straightforward. Omar Ibn El Khattab Mosque, Inc. ("the corporation"), failed to comply with corporate formalities in the years following its inception and as a result lacked procedures for resolving internal disagreements. Disputes inevitably arose, with some members of the congregation contesting the initial board's authority due in part to the board members' having remained in office beyond their intended term without holding elections. A competing board was purportedly elected, and both boards sought control of the corporation and its charitable funds. The power struggle ultimately led to the corporation's inability to access those funds.
{¶ 41} R.C. 2733.02 permits the state to pursue an action in quo warranto against a corporation if that corporation has failed in certain respects to perform its essential functions. Dissolution is required when a court determines that "by an act done or omitted, [the] corporation has surrendered or forfeited its corporate rights, privileges, and franchises." R.C. 2733.20 ; see also R.C. 2733.02(C).
{¶ 42} Both the magistrate and the court of appeals concluded that the corporation's failure to adhere to the statutory requirements allowed a situation to develop in which the competing factions vied for control of the corporation's board and charitable funds. State ex rel. DeWine v. Omar Ibn El Khattab Mosque, Inc. , 10th Dist. Franklin No. 15AP-939, 2017-Ohio-4453, 2017 WL 2687435, ¶ 41, 89-92. And the resulting fight for control over the corporation led to the funds being frozen and transferred to the Franklin County Clerk of Courts. Id. at ¶ 8-10. As the court of appeals explained:
These basic statutory requirements that Omar Mosque, Inc. violated would protect a corporation from the confusion and internal paralysis that this case has shown resulted when an internal division arose. Without a defined voting membership, regular meetings, and up-to-date membership *535 roster, the authority of the board, and thus *246 the legitimacy of the corporation itself, is no longer supported through recordable action.
DeWine , 2017-Ohio-4453, at ¶ 41.
{¶ 43} The majority concludes that the subject of the dispute between the factions was the intended use of the mosque's funds and not the board's failure to conform to the corporate formalities. Majority opinion at ¶ 31-33. Thus, the majority finds no causal link between the lack of formal procedures and the subsequent power struggle and loss of access to the charitable funds. But the majority overlooks two key points. First, it is undisputed that members of the congregation raised concerns about the initial board's failure to adhere to its statutory requirements-particularly its failure to conduct elections and its members' governing beyond their original term-and that these failures caused members of the congregation to question the initial board's legitimacy. Second, isolating the exact origin of the dispute is not necessary. Had the corporation adhered to the requisite formalities, there would have been a mechanism in place for addressing concerns, leadership would have been clearly established, and there would have been no question about who had control over the funds.
{¶ 44} The majority's conclusion that the only way to resolve this dispute is for the attorney general to "commence a proper quo warranto action to oust one faction or the other" is perplexing, given that the majority also recognizes that the state may pursue an action against the corporation itself rather than against one of the boards. Id . at ¶ 35. This action was properly commenced pursuant to R.C. 2733.02, and the resolution sought was a sensible one.
{¶ 45} The corporation has been unable to access the $432,313.19 in charitable funds raised for the benefit of the mosque and its congregation-which was a central reason for the nonprofit's formation in the first place. These funds "have yet to be used for their intended purpose and have been inaccessible" since 2011. DeWine , 2017-Ohio-4453, at ¶ 38. Since that time, the competing factions have been engaged in continuous litigation seeking a declaration as to which of them has sole access to and control over the funds. See Masjid Omar Ibn El Khattab Mosque v. Salim , Franklin C.P. No. 11-CV-14615; Masjid Omar Ibn El Khattab Mosque v. Salim , 10th Dist. Franklin No. 12AP-807, 2013-Ohio-2746, 2013 WL 3341217 ; State ex rel. Salim v. Ayed , 141 Ohio St.3d 129, 2014-Ohio-4736, 22 N.E.3d 1054. Attempts at reconciliation have been unsuccessful. DeWine , 2017-Ohio-4453, at ¶ 33 (recommended finding of fact No. 25). Without some action by the attorney general, there would appear to be no end in sight to this dispute.
{¶ 46} I think the court of appeals got it right. It is apparent from the record that the corporation's failures to abide by statutory requirements and to establish formal procedures resulted in organizational chaos, which ultimately led to the *536 loss of access to the charitable funds. The dysfunction and internal paralysis justify an extraordinary remedy. Thus, I would uphold the judgment of the court of appeals granting the writ of quo warranto, ordering the dissolution of the corporation, and issuing directives for the appointment of a trustee or receiver to oversee the establishment of a successor entity. Because the majority sees it differently, I respectfully dissent.
Kennedy, J., concurs in the foregoing opinion.